# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

　　　　v.

LUIS EMILIO GONZALES,
　　　　　*Defendant-Appellant.*

No. 04-30007

D.C. No.
CR-03-02059-EFS

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted
March 20, 2007—San Francisco, California

Filed November 5, 2007

Before: Mary M. Schroeder, Chief Circuit Judge,
Harry Pregerson, Michael Daly Hawkins, Sidney R. Thomas,
M. Margaret McKeown, Kim McLane Wardlaw,
William A. Fletcher, Ronald M. Gould, Richard A. Paez,
Marsha S. Berzon, Johnnie B. Rawlinson, Jay S. Bybee,
Carlos T. Bea, Milan D. Smith, Jr., and Sandra S. Ikuta,
Circuit Judges.

Opinion by Judge Wardlaw;
Partial Concurrence and Partial Dissent by Judge Ikuta.

14589

## COUNSEL

Elizabeth A. Olsen, Attorney, United States Department of Justice, Washington, D.C., for the plaintiff-appellee.

Tracey Staab and Rebecca L. Pennell, Federal Defenders of Eastern Washington and Idaho, Spokane, Washington, for the defendant-appellant.

## OPINION

WARDLAW, Circuit Judge, with whom Chief Judge SCHROEDER, Judges PREGERSON, HAWKINS, THOMAS, McKEOWN, W. FLETCHER, GOULD, PAEZ, BERZON, RAWLINSON, and M. SMITH join, and with whom Judges BYBEE, BEA, and IKUTA join as to Part V:

The three-judge panel that originally heard this appeal on July 24, 2006, issued a sua sponte call for hearing this appeal en banc to reconcile two of our decisions construing United States Sentencing Guideline ("U.S.S.G.") § 4A1.2(c). A majority of the active judges of our court voted to hear the appeal en banc to address the question whether a suspended sentence of thirty days or more constitutes a "term of imprisonment of at least thirty days" under § 4A1.2(c)(1), and thus should be counted in the defendant's criminal history score. In *United States v. Williams*, 291 F.3d 1180, 1195 (9th Cir. 2002), we held that a *totally* suspended six-month sentence for criminal mischief counted as a "prior sentence," mandating an additional point on the defendant's criminal history score; however, in *United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1220 (9th Cir. 2005), we also held that a *partially* suspended three-month misdemeanor sentence resulting in three days of imprisonment did not count as a "prior sentence," and thus did not increase the defendant's criminal history score. We agree with both the government and Gonzales that our analysis in *Williams* was flawed by its failure to read the relevant Guidelines sections as a whole. We hold that the language "term of imprisonment" in § 4A1.2(c)(1) refers only to certain non-felony sentences for which the defendant actually served a period of imprisonment. Therefore, we overrule

*Williams*, clarify *Hernandez-Hernandez*, vacate Gonzales's sentence and remand for resentencing.

## I.

On March 21, 2003, Yakima Police Department officers stopped a vehicle driven by Luis Emilio Gonzales. When the officers approached the vehicle, they observed a knife under the driver's seat and a marijuana bud in plain view. Gonzales was arrested. During a search incident to arrest, the officers also found a gym bag on the passenger-side floor containing methamphetamine and a loaded gun. When questioned, Gonzales admitted that he was a convicted felon. Before the car was impounded, officers discovered two additional guns in the trunk, one of which had been reported stolen. At the police station, Gonzales admitted ownership of the drugs and that he was a drug dealer. Gonzales also admitted that all of the guns in the car were his and that he knew that one of the guns was stolen.

Gonzales had been previously convicted in Washington state court for possession of a stolen firearm, in August 1996 and again in November 2001. In December 2002, Gonzales was also convicted of third-degree driving with a suspended license and sentenced to thirty days in jail. The entire sentence, however, was suspended.

On October 1, 2003, Gonzales pled guilty pursuant to a written plea agreement to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and possession of a stolen firearm in violation of 18 U.S.C. § 922(j).

At sentencing, Gonzales objected to a four-level enhancement for possession of a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(5) and to the inclusion of one criminal history point for his conviction of third-degree driving with a suspended license. The district court found that although Gonzales's sentence had been totally sus-

pended, the court was required to count the sentence under our precedent in *Williams*. The district court also found that Gonzales possessed a firearm within the meaning of § 2K2.1(b)(5). The district court therefore overruled both of Gonzales's objections and sentenced Gonzales to fifty-seven months imprisonment.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's interpretation of the Sentencing Guidelines de novo, its application of the Sentencing Guidelines to the facts for abuse of discretion, and its factual findings for clear error. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

## III.

Gonzales argues that because his thirty-day sentence for driving with a suspended license was entirely suspended, it should have been excluded under U.S.S.G. § 4A1.2(c)(1) (2003). We agree. Section 4A1.1 instructs that the following points be added to a defendant's criminal history score for prior criminal sentences:

> (a) Add **3** points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c) Add **1** point for each prior sentence not counted in (a) or (b), up to a total of **4** points for this item.
>
> . . . .

§ 4A1.1. The Application Notes to § 4A1.1(c) direct us to the definition of "prior sentence" in § 4A1.2(a).

**[1]** Section 4A1.2(a)(1) defines "prior sentence" as "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." Section 4A1.2(a)(3) further provides that a totally suspended sentence "shall be counted as a prior sentence under § 4A1.1(c)." § 4A1.2(a)(3). This is the provision upon which the *Williams* opinion rested. As the government notes, however, the *Williams* analysis failed to account for § 4A1.2(b)-(c) and the related Commentary.

Section 4A1.2(b)(1) states that "[t]he term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." The corresponding Application Notes state that "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence." § 4A1.2, cmt. n.2. In other words, a "sentence of imprisonment" requires a period of confinement. Section 4A1.2(b)(2) further provides that if a sentence is partially suspended, the "sentence of imprisonment" refers only to the non-suspended portion. Therefore, while a totally suspended sentence could never result in additional criminal history points under § 4A1.1(a) or (b), it could result in one additional point under § 4A1.1(c), depending on the nature of the prior offense and whether or not the prior offense is deemed "countable" under that section.

**[2]** The Application Note for § 4A1.1(c) makes clear that "[s]entences for certain specified non-felony offenses are counted only if they meet certain requirements" as outlined by § 4A1.2(c)(1). § 4A1.1, cmt. n.3. In § 4A1.2(c)(1), the Sentencing Commission has specified which sentences should or should not be counted, presumably based upon the degree of seriousness of the underlying offense. While, under § 4A1.2(c), sentences for all *felony* offenses must be counted, the Guidelines exempt from the criminal history calculation sentences for certain misdemeanors and petty offenses:

> Sentences for the following prior offenses and offenses similar to them, by whatever name they are

known, are counted only if (A) *the sentence was* a term of probation of at least one year or *a term of imprisonment of at least thirty days*, or (B) the prior offense was similar to an instant offense . . . .

§ 4A1.2(c)(1) (emphasis added). The Guidelines next identify the misdemeanor and petty offenses, including driving with a suspended license, that should be counted *only* if the sentence imposed was a term of probation of at least one year or a term of imprisonment of at least thirty days, or if the prior offense was similar to the instant offense.[1]

The issue before us is whether a totally suspended thirty-day sentence constitutes a "term of imprisonment" of at least thirty days. While "term of imprisonment" is not specifically defined,[2] "sentence of imprisonment" is clearly defined by § 4A1.2(b)(1) and the corresponding Application Notes. *See* § 4A1.2, cmt. n.2. A plain reading of § 4A1.2(c)(1) suggests that, in this context, the phrases are interchangeable. The grammatical structure of the provision dictates the way in which we must construe it:

Sentences for misdemeanor and petty offenses are counted, except as follows: (1) Sentences for the

---

[1]Section 4A1.2(c)(2) goes on to list certain offenses for which sentences are "never counted."

[2]The dissent, taking language out of context from a few of our cases, asserts, without any legal support, that the "plain meaning" of the phrase "term of imprisonment" is the sentence imposed, not the period of confinement. *See* Dissent, *infra* at 14603-04. The dissent is incorrect. Black's Law Dictionary defines "term" as "[a] fixed period of time" and "imprisonment" as "[t]he act of confining a person, esp. in a prison" or "[t]he state of being confined; a period of confinement." Black's Law Dictionary 1510, 773 (8th ed. 2004). Combining the two definitions, the plain meaning of the phrase "term of imprisonment" is "period of confinement." Thus, the plain meaning of the phrase supports our view that, at least for the purposes of construing Chapter Four of the Sentencing Guidelines, "term of imprisonment" means a term of actual confinement.

[listed] prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days . . . .

§ 4A1.2(c)(1).

**[3]** We agree with the government that at least as used in this provision in Chapter Four of the Guidelines Manual, there is no meaningful distinction discernable between the phrase "the sentence was . . . a term of imprisonment" and the phrase "sentence of imprisonment," which is fully defined in § 4A1.2(b), the preceding subsection.[3] Because the only logical conclusion is that the requirement of actual incarceration also applies to "term of imprisonment," a totally suspended sentence for a qualifying misdemeanor, regardless of its length, cannot be *counted* as a prior sentence. In other words, while a totally suspended sentence is a "prior sentence" under § 4A1.2(a)(3), it is not necessarily "counted" in the calcula-

---

[3]In *United States v. Echavarria-Escobar*, we addressed an entirely different issue: whether a suspended sentence constitutes an aggravated felony for purposes of enhancing a present sentence under 8 U.S.C. § 1326(b)(2). 270 F.3d 1265, 1270-71 (9th Cir. 2001). One of the defendant's arguments in that case as to why certain suspended sentences should not be considered part of the required term of imprisonment under U.S.S.G. § 2L1.2 was that the Application Notes to § 4A1.2 define "sentence of imprisonment" as requiring actual time served. *Id.* We rejected this argument stating that § 4A1.2(b) defines "sentence of imprisonment," not "term of imprisonment." *Id.* at 1271. We further explained that "[8] U.S.C. § 1101(a)(48)(B), not U.S.S.G. § 4A1.2(b) applies for the purposes of defining 'term of imprisonment' in U.S.S.G. § 2L1.2." *Id.* (internal quotations omitted). The superficial reference to the definitions of the terms used in § 4A1.2 did not affect our holding in *Echavarria-Escobar*, nor does it provide us with any useful guidance in the present case. However, to the extent that our statement in *Echavarria-Escobar* could be read as holding that "sentence of imprisonment" and "term of imprisonment" in Chapter Four of the Sentencing Guidelines are *not* interchangeable for any purpose, as an en banc court, we overrule it.

tion of a defendant's criminal history score. Moreover, a partially suspended sentence for a misdemeanor listed in § 4A1.2(c)(1) counts only if the non-suspended portion of the sentence is at least thirty days. Because Gonzales's sentence was for a misdemeanor listed in § 4A1.2(c)(1), and his sentence was not a term of imprisonment of at least thirty days, it must be excluded from his criminal history calculation. We therefore vacate his sentence and remand for resentencing.

## IV.

We next address our prior holdings in *Williams* and *Hernandez-Hernandez*. Williams argued that his totally suspended six-month sentence for a criminal mischief conviction was excludable under § 4A1.2(c)(1) because the offense was similar to disorderly conduct, one of the misdemeanors listed in § 4A1.2(c)(1). *Williams*, 291 F.3d at 1195. The *Williams* panel erroneously concluded that the defendant's suspended six-month sentence was *not* excludable under § 4A1.2(c)(1) because, according to § 4A1.2(a)(3), the definition of "prior sentence" includes totally suspended sentences. *Id.* As discussed above, however, "[t]he real issue is not whether [the suspended] sentence is a 'prior sentence,' but rather whether or not it is a 'countable' sentence under the Guidelines," as our sister circuits have recognized. *United States v. Johnson*, 43 F.3d 1211, 1214 (8th Cir. 1995); *see also United States v. Harris*, 325 F.3d 865, 872 (7th Cir. 2003) ("[Section] 4A1.2 limits the applicability of § 4A1.1 through its definition of 'prior sentence.' Notably, subsection 4A1.2(c)(1) excludes certain enumerated prior offenses . . . ." ); *United States v. Morales*, 239 F.3d 113, 115 (2d Cir. 2000) ("Each [prior] sentence of less than 60 days counts for one point, except that sentences for certain misdemeanors and petty offenses are not counted at all.") (internal citations omitted). Certain suspended sentences, such as sentences for felonies and non-qualifying misdemeanors, are countable "prior sentences," resulting in one additional criminal history point under

§ 4A1.1(c). However, totally suspended sentences for qualifying misdemeanors listed in § 4A1.2(c)(1) are not.

**[4]** Therefore, if the *Williams* panel had found that criminal mischief was a qualifying misdemeanor under § 4A1.2(c)(1), then the defendant's suspended sentence should have been excluded. But if criminal mischief was not considered a qualifying misdemeanor, then the defendant's suspended sentence would have counted as a prior sentence, and properly resulted in one additional point. To the extent the *Williams* opinion failed to properly determine whether the defendant's suspended sentence was excludable under § 4A1.2(c)(1), and therefore reached an incorrect result, we now overrule it.

We were confronted with a similar situation in *Hernandez-Hernandez*, where the defendant argued that his ninety-day sentence for a conviction for threats to do harm, of which eighty-seven days were suspended, was excludable under § 4A1.2(c)(1). 431 F.3d at 1220. The panel did not expressly hold that "term of imprisonment" requires actual time served, but that interpretation is implicit in its holding. The *Hernandez-Hernandez* panel correctly analyzed whether the defendant's partially suspended sentence constituted a term of imprisonment of at least thirty days under § 4A1.2(c)(1). *Id.* The panel relied on § 4A1.2(b)(2), which states that "[i]f part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." § 4A1.2(b)(2). Therefore, the panel found that because the term of imprisonment was only three days, under § 4A1.2(c)(1)(A), it did not count as a term of imprisonment of at least thirty days. *Id.*

**[5]** While the *Hernandez-Hernandez* panel recognized that its holding "may appear to be at odds with [*Williams*]," it inadequately distinguished *Williams*. *Hernandez-Hernandez*, 431 F.3d at 1220. The panel reasoned that because Williams' sentence was *totally* suspended, and not *partially* suspended as in *Hernandez-Hernandez*, § 4A1.2(b)(2) did not apply. *Id.*

It is correct that § 4A1.2(b)(2) is inapplicable to the totally suspended sentence in *Williams*. However, the shortcoming in *Williams* was that it failed to go beyond the definition of "prior sentence" and recognize that for certain non-felony "prior sentences" the actual time served is determinative as to whether the sentence counts for purposes of adding a criminal history point. Although both decisions relied upon different subsections of the Guidelines and therefore may not be in direct conflict, when taken together, the holdings in *Williams* and *Hernandez-Hernandez* lead to illogical and unjust results. Under *Williams*, a defendant convicted of a qualifying misdemeanor who received a wholly suspended thirty-day sentence would receive one criminal history point. However, under *Hernandez-Hernandez*, a defendant convicted of the same offense who received a thirty-day sentence with one day suspended — thus actually serving twenty-nine days in jail — would *not* receive a criminal history point. *See* Thomas W. Hutchison et al., *Federal Sentencing Law and Practice* § 4A1.1 cmt. 5(f)(ii)(B)(5) (2007) ("It would be anomalous to count a 30-day sentence of imprisonment that totally was suspended when a 30-day sentence of imprisonment that had only one day suspended (resulting in a 29-day term of imprisonment) would not be counted."). Therefore, we clarify our holding in *Hernandez-Hernandez*. Under § 4A1.2(c)(1), both a totally suspended sentence for a misdemeanor and a partially suspended sentence for a misdemeanor, where the actual time served was under thirty days, do not count; however, a totally suspended sentence for a felony or non-qualifying misdemeanor would result in one additional criminal history point under the Guidelines.

## V.

**[6]** Gonzales also argues that the district court erred in concluding that he possessed a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(5) (2003).[4] We

---

[4]In the current 2006 edition of the Guidelines, possession of a firearm in connection with another felony offense falls under § 2K2.1(b)(6).

reject that claim. Section 2K2.1(b)(5) instructs the district court to increase the base level for weapons offenses by four points if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." § 2K2.1(b)(5). According to the Application Notes, a "felony offense" is defined as "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." § 2K2.1(b)(5), cmt. n.7. We have found that mere possession is insufficient to support a § 2K2.1(b)(5) upward adjustment. *United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994). "[T]o the extent that the government relies upon physical possession, it must show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated — *i.e.*, had some potential emboldening role in — a defendant's felonious conduct." *Id.* Here, the police officers found a firearm in the same gym bag as the methamphetamine in Gonzales's car. Gonzales admitted that both the drugs and the guns in the car were his. He also admitted to selling drugs. Therefore, the district court did not abuse its discretion in finding, based on these facts, that the government proved by a preponderence of the evidence that Gonzales possessed the firearm in connection with either felony distribution of methamphetamine or felony possession of methamphetamine.[5] *See United States v. Polanco*, 93 F.3d 555, 567 (9th Cir. 1996) (finding that the government proved by a preponderance of the evidence that the defendant "possessed" the gun in a manner that facilitated the defendant's felonious conduct because the presence of the gun in the defendant's car "potentially emboldened him" to sell drugs). Thus, we affirm the district court's application of a four-level enhancement under § 2K2.1(b)(5).

---

[5]It is unclear from the sentencing transcript whether the district court based the § 2K2.1(b)(5) enhancement on felony distribution of methamphetamine or felony possession of methamphetamine. However, the record supports an enhancement based on either felony offense.

## VI.

For the foregoing reasons, we vacate Gonzales's sentence and remand to the district court for resentencing.

**VACATED and REMANDED.**

---

IKUTA, Circuit Judge, with whom Bybee and Bea, Circuit Judges, join, concurring in part and dissenting in part:

In parts II and III of the majority's opinion, the majority equates the undefined phrase "term of imprisonment" and the defined term "sentence of imprisonment." Because this is contrary to the plain language of the Guidelines, I dissent.

## I

In 2002, Emilio Gonzales was sentenced to thirty days in jail—which jail time was completely suspended—on a conviction for driving with a suspended license. At sentencing on the instant offense, the district court added a criminal-history point for this 2002 conviction, pursuant to § 4A1.1(c) of the Guidelines.

Section 4A1.1(c) instructs courts to "[a]dd **1** point for each prior sentence . . . . ." U.S.S.G. § 4A1.1(c) (2002). Commentary to § 4A1.1(c) tells us that § 4A1.2(a) provides a definition of "prior sentence." U.S.S.G. § 4A1.1(c), cmt. n.3.[1]

In defining "prior sentence," § 4A1.2(a) states, "[t]he term

---

[1] "Commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Thornton*, 444 F.3d 1163, 1165 n.3 (9th Cir. 2006) (quotations omitted).

'prior sentence' means any sentence previously imposed . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Section 4A1.2(a)(3) states that even totally suspended sentences fall under this definition of "prior sentence" for purposes of § 4A1.1(c) and thus require the addition of one criminal point. U.S.S.G. § 4A1.2(a)(3) ("A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under §4A1.1(c).").

There are, however, exceptions to this framework. Specifically, the commentary to § 4A1.1(c) notes an exception to the application of the one additional criminal-history point for certain non-felony offenses. U.S.S.G. § 4A1.1(c), cmt. n.3. This commentary instructs the court to turn to § 4A1.2(c)(1) for more information. *Id.* Section 4A1.2(c)(1) tells the court that for purposes of computing criminal history "[s]entences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if . . . the sentence was a term of probation of at least one year or a *term of imprisonment* of at least thirty days . . . ." U.S.S.G. § 4A1.2(c)(1) (emphasis added). "Driving . . . with a suspended license" is on the list that follows. *Id.*

Applying this exception to the case at hand, we are asked to determine whether Gonzales's 2002 thirty-day suspended sentence for driving with a suspended license was "a term of imprisonment of at least thirty days." U.S.S.G. § 4A1.2(c)(1). If yes, the sentence is counted toward his criminal history; if no, it is excluded.

## II

"[T]erm of imprisonment" is not defined in the Guidelines. "In the absence of controlling authority, we turn to the plain language of the guidelines." *United States v. Brownstein*, 79 F.3d 121, 123 (9th Cir. 1996); *see also United States v. Gonzalez-Mendez*, 150 F.3d 1058, 1060 (9th Cir. 1998). We

have customarily used "term of imprisonment" to mean the time period or length of the imprisonment imposed by the court when sentencing the defendant, even where the sentence imposed is suspended in whole or part. *See, e.g.*, *Hovey v. Ayers*, 458 F.3d 892, 915 (9th Cir. 2006) ("After Hughes testified against Hovey, Meloling communicated with the San Francisco D.A.'s office, which then revised its offer to Hughes. He received a suspended sentence, but the term of imprisonment offered as part of the deal was actually increased from three years to four years and eight months."); *United States v. Carter*, 827 F.2d 546, 546 (9th Cir. 1987) ("On January 19, 1981, the court sentenced Carter to a three-year term of imprisonment, all but twenty days of which was suspended."); *United States v. Berry*, 814 F.2d 1406, 1410 (9th Cir. 1987) ("Berry was originally sentenced to five years' imprisonment and a three-year special parole term; the district court suspended the execution of all but six months of the term of imprisonment.").

Thus, under the plain meaning of the Guidelines, when a court sentences a defendant to 30-days jail time, it is a "term of imprisonment" that must be factored into a defendant's criminal-history score, even if it was for a non-felony offense listed in § 4A1.1(c). In this context, it is irrelevant whether a term of imprisonment imposed by the court was totally suspended, because § 4A1.2(a)(3) states that "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)."

In this case, the term of imprisonment imposed by the court for Gonzales's 2002 conviction for driving with a suspended license was 30 days. Accordingly, this non-felony conviction is not excepted by § 4A1.2(c)(1), and the district court was correct in assigning a criminal-history point for this prior sentence.

This plain language reading makes it clear that the phrase "term of imprisonment" as used in § 4A1.2(c)(1) is not

ambiguous. Nor does the majority claim that it is. Accordingly,

> [o]nce it recognized that the statute is unambiguous, the panel should have stopped, for it is a paramount principle of statutory construction that [w]here [a statute's] language is plain and admits of no more than one meaning the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion.

*Amalgamated Transit Union Local 1309 v. Laidlaw Transit Servs., Inc.*, 448 F.3d 1092, 1096 (9th Cir. 2006) (Bybee, J., dissenting from denial of rehearing en banc) (quotation marks omitted); *see also Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 878 (9th Cir. 2001) (en banc).

## III

Instead of applying the plain language of the Guidelines as written, the majority concludes that context, grammatical structure, and a well-placed ellipsis require reading the phrase "term of imprisonment" as having the same meaning as the phrase "sentence of imprisonment." *See* Maj. Op. at 14597 ("[T]here is no meaningful distinction discernable between the phrase 'the sentence was . . . a term of imprisonment' and the phrase 'sentence of imprisonment . . . .' ").

The majority is mistaken. According to "a well-established canon of statutory interpretation . . . the use of different words or terms within a statute demonstrates that Congress intended to convey a different meaning for those words."[2] *SEC v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003) (collecting cases); *see also Legacy Emanuel Hosp. & Health Ctr. v. Sha-*

---

[2]We use traditional canons of statutory construction to interpret the sentencing guidelines. *United States v. Soberanes*, 318 F.3d 959, 963 n.4 (9th Cir. 2003).

*lala*, 97 F.3d 1261, 1265 (9th Cir. 1996) ("Indeed, the use of different language by Congress creates a presumption that it intended the terms to have different meanings."). A "decision to use one word over another . . . is material," and "is a decision that is imbued with legal significance and should not be presumed to be random or devoid of meaning." *McCarthy*, 322 F.3d at 656. Because the Sentencing Commission decided to use the undefined phrase "term of imprisonment" in § 4A1.2(c)(1), and a different, defined phrase, "sentence of imprisonment," in § 4A1.2(b), we must presume that the Sentencing Commission intentionally used different phrases and gave them different meanings.

The fact that the Sentencing Commission created a separate definition for the phrase "sentence of imprisonment" supports this presumption. Courts typically use the phrase "term of imprisonment" and "sentence of imprisonment" interchangeably to refer to the period of confinement ordered by the court. *See, e.g.*, *United States v. Augustin*, 376 F.3d 135, 137 (3d Cir. 2004) ("A sentence of imprisonment of 135 months was imposed on the convictions for carjacking and possession of a firearm by a drug user, to be followed by a mandatory 240 month term of imprisonment for use of a firearm during a crime of violence."); *United States v. Perez-Macias*, 335 F.3d 421, 427-28 (5th Cir. 2003) ("The key to the Supreme Court's jurisprudence addressing the right to counsel in misdemeanor cases is whether the defendant receives a sentence of imprisonment. . . . A defendant who receives a suspended sentence is given a term of imprisonment, while a defendant who receives a stand-alone sentence of probation is not."); *Taylor v. Sawyer*, 284 F.3d 1143, 1148 (9th Cir. 2002) ("The statute that governs the manner in which multiple sentences of imprisonment may be imposed is 18 U.S.C. § 3584, which states in subsection (a): . . . [']If multiple terms of imprisonment are imposed on a defendant at the same time . . . .[']").

In order to instruct courts to deviate from the common usage of "sentence of imprisonment," the Guidelines give this

phrase a distinct meaning under the "Definitions and Instructions for Computing Criminal History." U.S.S.G. § 4A1.2. As used in computing criminal history, " 'sentence of imprisonment' means a sentence of incarceration and . . . refers only to the portion that was not suspended." U.S.S.G. § 4A1.2(b)(1)-(2). In other words, a "sentence of imprisonment" for criminal-history purposes, is not the length of imprisonment imposed, but the length of the imprisonment imposed less any suspended portion.

There is nothing in the Guidelines that permits the usurpation of this definition for use in § 4A1.2(c)(1). If the Sentencing Commission had wanted to use the phrase "sentence of imprisonment" with its associated, non-obvious definition in § 4A1.2(c)(1), it could have done so. It did not, compelling the conclusion that the Sentencing Commission did not intend "term of imprisonment" to have the same meaning as "sentence of imprisonment." Thus, the majority's conclusion that "there is no meaningful distinction" between the phrases "the sentence was . . . a term of imprisonment" and "sentence of imprisonment," Maj. Op. at 14597, requires a strained interpretation of these phrases.

The majority does not suggest the Sentencing Commission's use of the undefined phrase "term of imprisonment" in § 4A1.2(c)(1) is unreasonable. Nor could it. The "purpose of § 4A1.2(c)(1) . . . is to assign criminal-history points to defendants who have received substantial sentences for the otherwise minor offense listed in the provision." *United States v. Ramirez*, 421 F.3d 159, 166 (9th Cir. 2005). The Sentencing Commission could reasonably conclude that a crime is sufficiently serious to receive a criminal-history point when a court sentences a defendant to 30 days, even if that sentence is suspended. Indeed, the Supreme Court has indicated that suspended sentences should not be trivialized. Because a suspended sentence may "end[ ] up in the actual deprivation of a person's liberty," such a sentence is essentially equivalent to actual imprisonment for purposes of a defendant's Sixth

Amendment rights. *Alabama v. Shelton*, 535 U.S. 654, 662 (2002) (quotation marks omitted). This precedent suggests that an offense can also be serious enough to count for criminal history purposes even when the defendant received a suspended sentence.

Moreover, although the majority notes that its interpretation of "term of imprisonment" is based in part on its context, *see* Maj. Op. at 14597-98, a plain reading of § 4A1.2(c)(1) in context actually supports the conclusion that "term of imprisonment" refers to the term imposed. As noted above, § 4A1.2(c)(1) instructs courts to count certain offenses only if "the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days." The parallel structure of this provision raises the inference that the Sentencing Commission intended to give the same meaning to the word "term" in "term of probation" and the word "term" in "term of imprisonment." As recognized by two of our sister circuits, the plain meaning of the phrase "term of probation" means the time period or length of the probation imposed by the court when sentencing the defendant. *See United States v. Boyd*, 146 F.3d 499, 500-02 (7th Cir. 1998) (holding that one year of court supervision and a fine amounts to a term of probation of at least one year for purposes of § 4A1.2 even where the supervision was vacated after six months and only a fine imposed); *United States v. Baker*, 116 F.3d 870, 873-74 (11th Cir. 1997) (holding that a defendant who had been sentenced to "one year *or until the assessed fines and restitution were paid*" had received a "term of probation of at least one year" for purposes of § 4A1.2 (italics in original)). Unless we strain the language of the Guidelines still further to hold that the definition for "sentence of imprisonment" also applies to "term of probation," and thus split from the Seventh and Eleventh Circuits, we will be left to read the word "term" in § 4A1.2(c)(1) as having different meanings when applied to prison terms as opposed to probation terms.

Finally, I give little weight to the fact that the government (and not just Gonzales) recently supported the majority's

interpretation. The government conceded at oral argument that it took the opposite position just a few years ago in *United States v. Williams*, 291 F.3d 1180, 1195 (9th Cir. 2002). To the extent the government's new position reflects different policy goals, we should not be persuaded to sidestep the plain language of the Guidelines to effectuate these goals. We must interpret the plain language of the Guidelines, and if the government thinks different language would make for better policy, it should take its case to the United States Sentencing Commission, not to this court. After all, "the courts' role is to give effect to the statutes as . . . enact[ed] . . . ; it is not the courts' role to assess whether a statute is wise or logical." *Amalgamated Transit Union Local 1309*, 448 F.3d at 1096 (Bybee, J., dissenting from denial of rehearing en banc).

## IV

For the foregoing reasons, I dissent from the majority's decision on the treatment of Gonzales's 2002 conviction under U.S.S.G. § 4A1.2(c)(1). I concur, however, in the majority's holding on Gonzales's § 2K2.1(b)(5) argument.