**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Francisco NAVARRO, Defendant– Appellant.**

No. 06–50618.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Dec. 13, 2007.

Luella M. Caldito, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

John C. Lemon, Esq., San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ and WARDLAW, Circuit Judges, and COLLINS,* District Judge.

MEMORANDUM **

Francisco Navarro appeals the district court's decision that he was not safety-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

valve eligible. Navarro did not waive his ability to appeal safety-valve eligibility in his plea agreement because that appellate waiver was contingent on Navarro's safety-valve eligibility.

We review a district court's interpretation of the Sentencing Guidelines de novo and its application of the Sentencing Guidelines to the facts for abuse of discretion. *United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir.2005).

The district court improperly awarded Navarro three criminal history points. A sentence for a misdemeanor listed under U.S.S.G. § 4A1.2(c)(1) counts as a criminal justice sentence only if the term of probation actually imposed is more than one year. *See U.S. v. Gonzales,* 506 F.3d 940 (9th Cir.2007) (en banc). At the time of his arrest, Navarro was serving a three year probation sentence for driving without a license imposed by the state court. However, at the time of the sentencing the state court had terminated the sentence *nunc pro tunc* to the day before he was arrested. As a result of the *nunc pro tunc* order, Navarro received only six-month probation for driving without a license. A six month probation sentence for driving without a license is not a criminal justice sentence. *See* U.S.S.G. § 4A1.2(c)(1)(A). Therefore, Navarro never served a countable criminal justice sentence and hence could not commit the instant offense under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(d). As such, Navarro should have been awarded zero criminal history points and found safety-valve eligible.

Therefore, we **VACATE** Navarro's sentence and **REMAND** to the district court for resentencing.

1. USSG § 4A1.1(d); *see also* USSG § 4A1.2(c)(1).

\* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

FERNANDEZ, Circuit Judge, dissenting:

I respectfully dissent because, as I see it, Navarro "committed the instant offense while under [a] criminal justice sentence" of probation,[1] regardless of the fact that the state court later tinkered with that sentence. That precludes safety valve relief.

