**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis MADRIGAL–ESPINOZA, a.k.a.**
**Sergio Carlon, Defendant–**
**Appellant.**

**No. 05–30557.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 24, 2008.

Gregory M. Shogren, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Kurt Rowland, Esq., Federal Defenders of Eastern Washington & Idaho, Yakima, WA, Tracy A. Staab, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Luis Madrigal–Espinoza appeals from the 57–month sentence imposed following

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

his guilty-plea conviction for being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326, and making a false claim to United States citizenship, in violation of 18 U.S.C. § 911. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the sentence and remand for resentencing.

Madrigal–Espinoza contends that, under the doctrine of constitutional avoidance, § 1326 should be construed to require proof beyond a reasonable doubt that he was deported subsequent to his prior felony conviction. He also contends that the district court engaged in impermissible judicial fact-finding in violation of the Fifth and Sixth Amendments when it found that he was removed subsequent to his prior conviction. These contentions are foreclosed and belied by the record. *See United States v. Grisel,* 488 F.3d 844, 846–47 (9th Cir.2007) (en banc); *see also United States v. Martinez–Rodriguez,* 472 F.3d 1087, 1094 (9th Cir.2007).

Madrigal–Espinoza's contention that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been overruled is foreclosed by *United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006).

Finally, we agree that the district court erred by assessing one criminal history point for Madrigal–Espinoza's 2003 conviction for driving with a suspended license and his 2005 conviction for false reporting because both offenses resulted in wholly suspended sentences. *See United States v. Gonzales,* 506 F.3d 940, 943–45 (9th Cir.2007) (en banc). Accordingly, we vacate the sentence and remand for re-sentencing consistent with *Gonzales. See id.*

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

All pending motions are denied.

**Sentence VACATED and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.