UNITED STATES of America, Plaintiff—Appellee,

v.

William Roy LUTZ, Jr., aka William Roy Lutz, Defendant—Appellant.

No. 05–10761.

United States Court of Appeals, Ninth Circuit.

District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted May 9, 2008.*

Decided May 19, 2008.

Eric J. Markovich, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

John D. Kaufmann, Esq., Tucson, AZ, for Defendant–Appellant.

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

### MEMORANDUM **

William Roy Lutz ("Lutz") challenges the district court's order denying resentencing and affirming the 41–month sentence reflected in the Judgment and Commitment Order issued August 5, 2004. Reviewing the sentence for abuse of discretion, we conclude that the district court committed no significant procedural error, and the sentence imposed was reasonable. *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); *United States v. Carty,* 520 F.3d 984, 987–88 (9th Cir.2008). Therefore, we affirm.

First, we consider whether the district court committed significant procedural error. *Gall,* 128 S.Ct. at 597; *Carty,* 520 F.3d at 992–93. Lutz's argument that he was not provided with notice of an upward departure fails. The presentence report noted that his criminal history category underrepresented his danger to soci-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ety, and it recommended an above-Guidelines sentence of 46 months. *See United States v. Williams,* 291 F.3d 1180, 1192–93 (9th Cir.2002) (stating that "notice can come from the district court itself, or from the presentence report or a prehearing submission from the government."), *overruled on other grounds, United States v. Gonzales,* 506 F.3d 940, 942 (9th Cir.2007) (en banc). Lutz was not entitled to an evidentiary hearing on whether an upward departure was warranted based on his danger to the community, because a court may depart based on a defendant's criminal history and characteristics without holding an evidentiary hearing where these facts are not in dispute. *See, e.g., United States v. Mix,* 457 F.3d 906, 913 (9th Cir.2006). Finally, we reject his assertion that the district court should not have relied on hearsay statements contained in the presentence report in crafting his sentence. *See United States v. Littlesun,* 444 F.3d 1196, 1199–1200 (9th Cir.2006) (concluding that hearsay is admissible at sentencing if it is "accompanied by some minimal indicia of reliability.") (quoting *United States v. Berry,* 258 F.3d 971, 976 (9th Cir.2001)). The court's sentencing decision was based primarily on Lutz's record of prior arrests and convictions, which the probation office prepared and which was sufficiently reliable. We conclude that the district court committed no significant procedural error.[1]

Next, we consider the substantive reasonableness of the sentence. *Gall,* 128 S.Ct. at 597. If a sentence is outside the applicable Guidelines range, we must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* Lutz's total offense level was four, and his criminal history category was VI, making the applicable Guidelines range six to twelve months. Because the court felt that Lutz's criminal history category underrepresented his propensity to recidivate, it increased his offense level nine levels. The applicable Guidelines range for offense level 13, criminal history category VI, was 33 to 41 months, and the court chose a sentence at the top of the range, 41 months.

■ After the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we now "treat the scheme of downward and upward 'departures' as essentially replaced by the requirement that judges impose a 'reasonable' sentence." *United States v. Mohamed,* 459 F.3d 979, 986 (9th Cir. 2006). In other words, "[t]o the extent that a district court has framed its analysis in terms of a downward or upward departure, we will treat such so-called departures as an exercise of post-*Booker* discretion to sentence a defendant outside of the applicable guidelines range." *Id.* at 987. Considering the totality of the circumstances, we conclude that the 41–month sentence was substantively reasonable. The district court properly considered the factors listed under 18 U.S.C. § 3553(a) in tailoring a sentence to fit the individualized

---

1. In its order denying resentencing, the district court articulated two grounds for imposing a 41–month sentence, one of which involved a miscalculation of the applicable Guidelines range. Lutz has waived his right to challenge this miscalculation. *See Laboa v. Calderon,* 224 F.3d 972, 980 n. 6 (9th Cir. 2000) (stating that we do "not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (quotations omitted). Lutz also suggests that the court erred in relying on evidence that was not subject to cross-examination in determining the number of victims and loss amount. But because any hearsay presented as a basis for these findings was accompanied by "some minimal indicia of reliability," *Littlesun,* 444 F.3d at 1200, there was no error.

offense and offender characteristics. There was no abuse of discretion.

**AFFIRMED.**