**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50143 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00921-AHM-1 |
| v. | |
| MELVIN KING, aka Duck, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted May 11, 2012
Pasadena, California

Before: PREGERSON and GRABER, Circuit Judges, and CHEN,[**] District Judge.

Appellant Melvin King appeals his 67-month sentence for distribution of

crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Defendant

contends that the district court erred in departing upward from the Sentencing

Guidelines and in failing to give adequate notice of its intent to depart. We affirm.

A.    Upward Departure

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Defendant argues that the court erred in departing upward under U.S.S.G. § 4A1.3(a). We review "the district court's interpretation of the Sentencing Guidelines de novo, [its] application of the Sentencing Guidelines to the facts of a case for abuse of discretion, and [its] factual findings for clear error." *United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008) (internal quotation marks omitted).

First, the district court adequately explained its ruling. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (noting that it is procedural error "to fail adequately to explain the sentence selected, including any deviation from the Guidelines range"). Although the court did not list each prior act by Defendant that formed a basis for its decision, it did list the factors underlying its decision and tied those factors to the pre-sentence submissions for further explanation. *See id.* at 992 (noting that "adequate explanation . . . [may] be inferred from the PSR or the record as a whole"). The record thus provides a clear basis for the court's decision.

Second, the district court's sentence was not substantively unreasonable. *See United States v. Ellis*, 641 F.3d 411, 421–22 (9th Cir. 2011) ("[I]t is not necessary to consider whether the district court correctly applied U.S.S.G § 4A1.3 (the provision at issue here), only whether the defendant's ultimate sentence was

reasonable."). Here, the district court based its sentence on its conclusion that Defendant was a serial criminal, used aliases, and had a decades-long span of arrests and crimes, some of which were violent. The court also noted that many of Defendant's prior convictions were not taken into account in the criminal history calculation and concluded that an above-Guidelines sentence was warranted to deter future crime and to protect the public. Such considerations are proper. 18 U.S.C. § 3553(a); U.S.S.G. § 4A1.3(a)(2); *Ellis*, 641 F.3d at 423; *United States v. Rodriguez-Castro*, 908 F.2d 438, 442 (9th Cir. 1990). Because the court relied on permissible factors and sentenced Defendant to only ten months above the Guidelines range, the sentence was not substantively unreasonable.

B. Adequate Notice

Federal Rule of Criminal Procedure 32(h) requires a district court to give "the parties reasonable notice that it is contemplating . . . departure" from the applicable Guideline range "on a ground *not identified for departure either in the presence report or in a party's prehearing submission . . . .* The notice must specify any ground on which the court is contemplating a departure." Fed. R. Crim. P. 32(h) (emphasis added). Reviewing for plain error, we hold that Defendant received adequate notice of the district court's intent to depart upward.

*See United States v. Evans-Martinez*, 530 F.3d 1164, 1167 (9th Cir. 2008) (where party fails to object in the court below, review is for plain error).

Nearly all of the district court's bases for departure—Defendant's decades-long history of criminal conduct, the fact that many of his crimes were violent, the fact that many of his crimes were not part of the criminal history calculation, the need to protect the public, and the need to deter him from committing future crimes—were identified in the pre-sentence materials. Thus, Defendant had adequate notice under Rule 32(h) of those grounds for departure.

Defendant contends that he should have had notice of more specific grounds for the court's sentence, such as particular convictions that would warrant departure, but that level of specificity is not required. *See, e.g.*, *United States v. Williams*, 291 F.3d 1180, 1193 (9th Cir. 2002) (per curiam) (identifying grounds such as "extensive criminal history" as sufficient), *overruled on other grounds by United States v. Gonzales*, 506 F.3d 940 (9th Cir. 2007) (en banc).

Defendant also argues that he did not have adequate notice of the district court's intent to rely on his use of aliases. But the PSR listed Defendant's aliases and referred to them throughout its discussion of his criminal history. Furthermore, at the sentencing hearing, the district court announced its intent to rely on the use of aliases, and Defendant's counsel did not object or request a

continuance. *See United States v. Orlando*, 553 F.3d 1235, 1238 (9th Cir. 2009)

(noting that the defendant must show "a prejudicial surprise" and how notice

would have "affect[ed] the parties' presentation of argument and evidence"

(internal quotation marks omitted)).

AFFIRMED.