**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 08 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50208 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00434-RGK-1 |
| v. | |
| GERMAN QUINTANA-GAMEZ, AKA German Quintana, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted September 3, 2015**
Pasadena, California

Before: GRABER and WATFORD, Circuit Judges, and TUNHEIM,*** Chief
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John R. Tunheim, Chief District Judge for the U.S.
District Court for the District of Minnesota, sitting by designation.

The government charged German Quintana-Gamez with illegal reentry into the United States under the Immigration and Nationality Act (INA), 8 U.S.C. § 1326(a), (b)(2). Quintana-Gamez moved to dismiss the indictment, alleging that his prior removal order was invalid because, at the hearing, he was not afforded an opportunity to seek voluntary departure. The district court denied the motion, holding that even if Quintana-Gamez had been given a chance to request voluntary departure, he would have been ineligible for that relief because of his 2001 aggravated felony conviction.

The INA defines "aggravated felony" as including a "crime of violence . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). Corporal injury of a spouse, in violation of California Penal Code § 273.5, is a "crime of violence," which Quintana-Gamez does not dispute. "[T]erm of imprisonment," in turn, refers to the "period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment." *Id.* § 1101(a)(48)(B).

Under these definitions, Quintana-Gamez's 2001 conviction plainly constitutes an aggravated felony. He received a suspended sentence of three years' imprisonment for that conviction. As the INA makes clear, the fact that Quintana-Gamez actually served only 49 days in jail is irrelevant. That conclusion is

confirmed by *United States v. Echavarria-Escobar*, 270 F.3d 1265 (9th Cir. 2001), where we held that a conviction resulting in an imposed sentence that is subsequently suspended constitutes an aggravated felony. *Id.* at 1270–71.

Quintana-Gamez contends that *Echavarria-Escobar* is at odds with our decision in *United States v. Gonzales*, 506 F.3d 940 (9th Cir. 2007) (en banc). He argues that *Gonzales* supports his position that "term of imprisonment" really means "term of actual confinement." As we stated in *Gonzales*, however, that case and *Echavarria-Escobar* addressed "entirely different issue[s]." *Id.* at 944 n.3. In *Echavarria-Escobar*, an illegal reentry case, we relied on our interpretation of the INA's definition of "term of imprisonment" to determine whether a conviction resulting in a suspended sentence qualifies as an aggravated felony under U.S.S.G. § 2L1.2. *Id.* By contrast, in *Gonzales*, we considered whether a suspended sentence could be counted as a "prior sentence" when calculating a defendant's criminal history score under U.S.S.G. § 4A1.2(c)(1)—an issue that had nothing to do with the INA's definition of "term of imprisonment." *Id.* at 944–45, 944 n.3. Accordingly, *Gonzales* neither overrules nor conflicts with our interpretation of "term of imprisonment" under § 1101(a)(48)(B) in *Echavarria-Escobar*.

**AFFIRMED.**