NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 13-10223 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00068-MCE-1 |
| v. | |
| **RAZHAM DEMAR BROADNAX, AKA Razham Demore Broadnax,** | **MEMORANDUM**<sup>*</sup> |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted August 13, 2015
San Francisco, California

Before:    **KOZINSKI** and **TALLMAN**, Circuit Judges, and **ROSENTHAL**,<sup>**</sup>
District Judge.

   **1.**  The district court's finding that Horton consented to the search is not

clearly erroneous.  United States v. Mayer, 560 F.3d 948, 956 (9th Cir. 2009).

---

   \*  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   \*\*  The Honorable Lee H. Rosenthal, District Judge for the U.S. District
Court for the Southern District of Texas, sitting by designation.

Officer McPhail testified that he twice asked for her consent to search the house and she said, "You do what you gotta do." Horton testified otherwise, but the district court could reasonably believe the officer.

Georgia v. Randolph's exception to the rule that police may conduct a warrantless search of premises with the "voluntary consent of an occupant" does not apply here. See 547 U.S. 103, 106 (2006). This narrow exception "requires that the co-occupant both be physically present and expressly refuse consent." United States v. Moore, 770 F.3d 809, 813 (9th Cir. 2014). Although Broadnax testified during the suppression hearing that he objected to the search, his testimony was contradicted by three police officers, all of whom testified that "Broadnax never voiced any objection to them entering the residence."

Nor did the district court err in finding that Broadnax consented to the officer's use of his phone. The district court was entitled to rely on "the police state[ment] that Broadnax gave the phone to Officer McPhail." But even if the officer's use of the phone was nonconsensual, this would not vitiate the consent to search the house obtained through the use of the phone.

**2.** Lannom's testimony didn't address Broadnax's state of mind, so its admission was not plain error. See United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir. 1990)

**3.** The district court didn't abuse its discretion by admitting Broadnax's prior convictions to prove Broadnax's motive and intent. See United States v. Vo, 413 F.3d 1010, 1018–19 (9th Cir. 2005).

**4.** The district court didn't abuse its discretion in denying Broadnax's request for a continuance to investigate Bailey's convictions. Bailey's statements during the 911 call were corroborated by the evidence that the officers found at Horton's home. Moreover, the license plate number that Bailey gave the 911 operator matched a car rented by Horton. Undermining Bailey's credibility with further impeachment evidence would thus have had a negligible effect on the evidence he presented. Therefore, Broadnax "has not shown that his verdict would have been different had the district court granted his request for continuance." See United States v. Wilkes, 662 F.3d 524, 543 (9th Cir. 2011).

**5.** Broadnax kept a gun with him during the drug deal, which he stored near the drugs at Horton's home. He maintained "accessibility of his gun" where he

kept his drugs, "permit[ting] the inference that the gun emboldened him to continue his illegal conduct."  United States v. Routon, 25 F.3d 815, 819 (9th Cir. 1994); see also United States v. Gonzales, 506 F.3d 940, 946–47 (9th Cir. 2007) (en banc).  The court thus properly applied the firearm enhancement.  U.S.S.G. § 2K2.1(b)(6)(B).

**AFFIRMED.**