**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30170 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-05126-RBL-1 |
| v. | |
| KENNETH RANDALE DOOR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued February 4, 2016
Submitted March 24, 2016
Seattle, Washington

Before: KOZINSKI, O'SCANNLAIN, and GOULD, Circuit Judges.

Kenneth Door appeals both the denial of his motions to suppress evidence

and his sentence. We affirm Door's conviction and defer resolution of Door's

sentence until the Supreme Court issues a decision in *Mathis v. United States*, No.

15-6092 (U.S. 2016).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

1.      Considering the totality of the circumstances, we conclude that Officer Dougherty-Sanders had reasonable cause to search Door's house. *See* Wash. Rev. Code § 9.94A.631(1); *State v. Jardinez*, 338 P.3d 292, 295 (Wash. App. 2014) (equating "reasonable cause" with "reasonable suspicion" under *Terry v. Ohio*, 392 U.S. 1 (1968)).  Door argues that Joe's tip was unreliable, that Hansen's sense that he was followed by Door's car was a mere hunch, and that the officers' belief that Door was home but not answering his door was innocuous. "*Terry*, however, precludes this sort of divide-and-conquer analysis"—"taken together," these observations "'warranted further investigation.'"  *United States v. Arvizu*, 534 U.S. 266, 274 (2002) (quoting *Terry*, 392 U.S. at 22).

2.      Door forfeited his *Miranda* claim by not raising it before the district court's deadline for pretrial motions. *See* Fed. R. Crim. P. 12(b)(3)(C).  The exception in *United States v. Vasquez*, 858 F.2d 1387, 1389 (9th Cir. 1988), does not apply here because it is not clear that the district court reviewed Door's *Miranda* claim on the merits.  After Door challenged the admission of his jail statements to Hansen on voluntariness and *Miranda* grounds, the government solicited testimony about whether Dougherty-Sanders read Door his *Miranda* rights at Door's house, which had no bearing on the question whether Hansen properly Mirandized Door at the prison nineteen days later.  The district court also

referred to Judge Bryan's earlier finding regarding whether Door heard his *Miranda* rights from Dougherty-Sanders on the day of arrest. In this context, it is not clear that the district court's ruling "I will grant the voluntariness and the *Miranda* waiver" was referring to Hansen's actions at the jail. As the *Vasquez* exception does not apply, we decline to review the forfeited claim.

3.  Door challenges the district court's conclusion that his six prior convictions for second-degree burglary in Washington State were "violent felonies" under 18 U.S.C. § 924(e)(1), making him an armed career criminal. The conclusion that Door should be sentenced under the Armed Career Criminal Act (ACCA) raised Door's sentencing guidelines level to 34. Because the Supreme Court has granted certiorari in *Mathis v. United States*, No. 15-6092 (U.S. 2016), which will address how federal courts determine whether a prior conviction qualifies as a "violent felony" under the ACCA, we decline to consider Door's challenge at this time. Although the government's position has changed during this case, its change in position is understandable in light of our intervening decision in *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014). Rather than accept Door's request to speculate about whether the Supreme Court decision in *Mathis* will affect the outcome of this case, we believe that the prudent course is to wait for the Supreme Court's decision in *Mathis*.

4.     The government argues that even without the ACCA determination, Door had a guidelines level of 34 because of enhancements for possessing a destructive device, U.S.S.G. § 2K2.1(b)(3)(B), for possessing a firearm in connection with another felony offense, U.S.S.G. § 2K2.1(b)(6)(B), and for obstruction of justice, U.S.S.G. § 3C1.1. The district court did not make any findings of fact regarding these enhancements.

The destructive device enhancement cannot be applied to Door's possession of a seal bomb. We have held that "commercial explosives, absent proof of intent to use such components as a weapon, fail to qualify as a 'destructive device' within the meaning of 26 U.S.C. § 5845." *United States v. Fredman*, 833 F.2d 837, 839 (9th Cir. 1987); *see* U.S.S.G. § 2K2.1, cmt., appl. n.1 (incorporating the statutory definition for "destructive device" set forth in 26 U.S.C. § 5845(f)). So the seal bomb might have been viewed as a destructive device if intended for use as a weapon. But the government has never argued that Door had such intent, and we see no evidence of such an intent in the record. On this record, the enhancement cannot apply.

Regarding the other two enhancements, the district court did not make the requisite findings for us to determine whether they properly applied. Obstruction of justice requires proof that Door "willfully obstructed or impeded, or attempted

4

to obstruct or impede, the administration of justice." U.S.S.G. § 3C1.1. The conduct described in the presentence report would have been sufficient for such a finding on the theory that Door wanted to discourage Hansen from testifying at trial. But Door disputed this evidence, and the district court did not "rule on the dispute" as required by Federal Rule of Criminal Procedure 32(i)(3)(B).

Finally, the record contains evidence "that permits an inference that [the firearms] facilitated or potentially facilitated—*i.e.*, had some potential emboldening role in"—Door's alleged drug activity. *See United States v. Gonzales*, 506 F.3d 940, 947 (9th Cir. 2007) (en banc) (quoting *United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994)). But the district court did not make a finding that Door possessed a firearm in connection with another felony offense such as selling drugs. U.S.S.G. § 2K2.1(b)(6)(B).

Without the required factual findings—both on the enhancement for obstruction of justice and on the enhancement for possession of a firearm in connection with another offense—we cannot conclude that the enhancements apply. After we resolve the ACCA issue once *Mathis* is decided by the Supreme Court, if it is necessary, we will remand on these two sentencing enhancements so that the district court can make findings of fact that either support or rule out the enhancements.

5

5.      Door's conviction is AFFIRMED.  We defer resolution of Door's sentence pending the Supreme Court's disposition of *Mathis v. United States*, No. 15-6092 (U.S. 2016).  No petitions for rehearing or rehearing en banc shall be entertained until we issue a decision regarding Door's sentence.