NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5702 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-05070-BHS-1 |
| v. | |
| ROY ANTHONY RIMA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted March 26, 2025[**]
Seattle, Washington

Before: McKEOWN, GOULD, and OWENS, Circuit Judges.

Roy Anthony Rima appeals from his sentence for unlawful possession of a

firearm, mail theft, and possession of stolen mail. As the parties are familiar with

the facts, we do not recount them here. "We review the district court's

interpretation of the Sentencing Guidelines de novo, its application of the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Guidelines to the facts of the case for abuse of discretion, and its factual findings for clear error." *United States v. Barlow*, 83 F.4th 773, 780 (9th Cir. 2023) (citation and internal quotation marks omitted). We affirm.

To establish a sentence enhancement under United States Sentencing Guidelines § 2K2.1(b)(6)(B), the government "must show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated—*i.e.*, had some potential emboldening role in—a defendant's felonious conduct." *United States v. Gonzales*, 506 F.3d 940, 947 (9th Cir. 2007) (en banc) (citation omitted); *see also id.* at 946 n.4.

Here, the undisputed facts show Rima possessed a loaded revolver. Rima took the revolver with him when he stole mail. He kept the loaded revolver within arm's reach—his waistband. The presence of the revolver was not an "accident or coincidence." *United States v. Ellis*, 241 F.3d 1096, 1100 (9th Cir. 2001).

Based on these facts, the district court agreed with the probation officer's recommendation and found that the § 2K2.1(b)(6)(B) enhancement applied because Rima's possession of the firearm had "potential for facilitating" the mail theft and possession of stolen mail. *See Gonzales*, 506 F.3d at 947; *cf. United States v. Grimaldo*, 993 F.3d 1077, 1083 (9th Cir. 2021) (concluding "the government failed to prove that possessing a gun emboldened [the defendant's] possession of narcotics" because "the district court never found that [he] used his

24-5702

firearm for such a purpose").  That finding is not clearly erroneous.  *See, e.g.*,

*United States v. Valenzuela*, 495 F.3d 1127, 1135 (9th Cir. 2007) (concluding "the

district court could reasonably find that the shotgun emboldened [the defendant's]

possession of the stolen property" based on the shotgun's "location"—"within

ready reach").

   **AFFIRMED.**