# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

EDWIN MEJIA, a/k/a EDWIN JOE
MEJIA, EDWIN JHONBANY MEJIA, JOE
JHONBANY,

          *Defendant-Appellant.*

No. 06-50220

D.C. No.
CR-04-01615-SVW

OPINION

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted
November 18, 2008—Pasadena, California

Filed March 24, 2009

Before: Myron H. Bright,* Stephen S. Trott and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Trott

---

*The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

---

**COUNSEL**

Alissa Sawano Peterson, Irvine, California, for the defendant/appellant.

Raymond O. Aghaian, Assistant United States Attorney, Riverside, California, for the plaintiff/appellee.

---

**OPINION**

TROTT, Circuit Judge:

Edwin Mejia challenges both his conviction and his sentence of 188 months imprisonment plus five years supervised release for possession and distribution of methamphetamine. Mejia asserts (1) he was entrapped into selling methamphetamine, (2) his statement was taken in violation of *Miranda*, and (3) his due process rights were violated because he was shackled during trial. Also, Mejia appeals his sentence on the

grounds that the district court failed to consider the factors set forth under 18 U.S.C. § 3553(a) and his requests for downward departures in reference to § 3553(a). Additionally, Mejia argues he (1) should have received a two-point reduction for acceptance of responsibility, and (2) should not have received one criminal history point for a misdemeanor conviction for resisting arrest.

We have jurisdiction over this timely appeal, and we affirm the judgment of conviction, but remand for resentencing. Given this result, we first address the calculation of Mejia's criminal history involving his prior misdemeanor conviction.

## A.   Criminal History

Mejia disputes the assignment of one criminal history point to him for his prior conviction for resisting arrest. Because this issue was not raised in the district court, to warrant relief the error must constitute plain error. *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005). Plain error is "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 631 (2002) (citation, alteration and internal quotation marks omitted). An error is plain if it is "contrary to the law at the time of appeal . . . ." *Johnson v. United States*, 520 U.S. 461, 468 (1997).

**[1]** We held in a case decided en banc after Mejia was sentenced that "a partially suspended sentence for a misdemeanor listed in [U.S.S.G.] § 4A1.2(c)(1) counts only if the non-suspended portion of the sentence is at least thirty days." *United States v. Gonzales*, 506 F.3d 940, 945 (9th Cir. 2007) (en banc). Resisting arrest is a misdemeanor listed in § 4A1.2(c)(1).

On October 27, 1997, imposition of Mejia's sentence for resisting arrest was suspended and he was placed on two years summary probation. This was conditioned on spending 16 days in county jail, for which Mejia was given credit for time

already served. Three days later, on October 30, 1997, his probation was terminated. Seventeen days later, because probation had been terminated thirteen days earlier, "proceedings" against Mejia were terminated.

**[2]** Section 4A1.2(c)(1)(A) reads as follows: "(1) Sentences for the following prior offenses . . . by whatever name . . . , are counted *only* if (A) the sentence was a term of probation of at least one year *or* a term of imprisonment of at least thirty days." (emphasis added).

**[3]** There are two clauses in this sentence, the first involving a "term of probation," the second a "term of imprisonment." *Gonzales* held that the words "term of imprisonment" means a "term of actual confinement." *Gonzales*, 506 F.3d at 944, n.2. Pursuant to *Gonzales*, because Mejia served a term of imprisonment of less than 30 days, clause two would exclude this misdemeanor from the calculation.

At this point, clause one comes into play, because Mejia, unlike Gonzales, was sentenced to a term of probation of more than one year — two to be precise. However, imposition of this sentence was "suspended" when it was pronounced, and his probation was terminated three days later.

**[4]** Although our en banc opinion in *Gonzales* is not exactly on point, its analysis is manifestly appropriate here, because suspension of Mejia's probationary sentence combined with his actual service of only a three-day probationary term was less than the one year required by § 4A1.2(c)(1)(A) for inclusion in his criminal history. Just as a "term of imprisonment" means "a term of actual confinement," *Gonzales*, 506 F.3d at 944, n.2, a term of probation means a term of actual probation. Here, the suspension of Mejia's sentence before he was placed on a truncated term of probation indicates that the offense of which he was convicted was not regarded as serious.

**[5]** Accordingly, we determine as the law now stands at the time of his appeal that the assignment of one criminal history point to him for his prior conviction for resisting arrest was "plain error."

**[6]** This error affected Mejia's substantial rights. The district court imposed a low-end Guidelines sentence of 188 months imprisonment reflecting a base offense level of 34 and a criminal history category of III. Excluding the criminal history point for Mejia's resisting arrest conviction, the sentence must be calculated to reflect a criminal history category of II. This would decrease the recommended Guideline sentence from a range of 188-235 months to 168-210 months. If the district court chooses to follow a low-end Guidelines sentence in accordance with criminal history category II, Mejia's sentence could be reduced by 20 months. In our view, this impacts Mejia's substantial rights, and is thus, plain error.

## B. Entrapment

**[7]** When a defendant asserts an entrapment defense, the government must prove beyond a reasonable doubt that he was not entrapped by showing either: "(1) the defendant was predisposed to commit the crime before being contacted by government agents; or (2) the defendant was not induced by the government agents to commit the crime." 9th Cir. Crim. Jury Instr. 6.2 (2003); *see also United States v. Jones*, 231 F.3d 508, 516 (9th Cir. 2000).

**[8]** Because this court resolves all matters of credibility in a manner supporting the verdicts, and because there was sufficient evidence for a reasonable jury to find either that Mejia was not induced by government agents or that he was predisposed to commit the crimes charged, we uphold the jury's conclusion that Mejia was not entrapped.

## C. *Miranda* Violation

### 1. Voluntariness of Mejia's Statement

**[9]** The voluntariness of a waiver depends on the absence of police overreaching. *Colorado v. Connelly*, 479 U.S. 157, 170 (1986). The physical condition of a defendant at the time of his arrest is an important factor in determining whether his subsequent confession was voluntary. *See Greenwald v. Wisconsin*, 390 U.S. 519, 520-21 (1968). We agree with the district court that Mejia's physical condition in this situation did not elevate his statements to the level of involuntariness.

### 2. Two-part Interrogation

**[10]** A "two-step interrogation" involves eliciting a confession, then obtaining a waiver of *Miranda* rights, and then eliciting a repeated confession. *United States v. Narvaez-Gomez*, 489 F.3d 970, 973-74 (9th Cir. 2007). "If the interrogators deliberately employ the two-step strategy, the district court must suppress post-warning statements unless the interrogators take curative measures to apprise the defendant of his rights; if the two-step method is not deliberate, the post-warning statements are admissible if voluntarily made." *Id.* at 974.

**[11]** While the precise order of events is impossible to glean from the record, it is reasonable to conclude Mejia began making voluntary inculpatory statements either prior to being advised of his *Miranda* rights or as he was being advised of his *Miranda* rights and that he continued speaking, notwithstanding Agent Wilkins's efforts to quiet him. Moreover, it seems reasonable that Agent Wilkins's question to Mejia was not likely to illicit an incriminating response. Therefore, we conclude that the district court committed no plain error in admitting the statements.

### 3.   Adequacy of Mejia's *Miranda* Warning

**[12]** Prior to custodial interrogation, law enforcement officials must inform the suspect of his *Miranda* rights. However, the Supreme Court has never insisted that *Miranda* warnings be given exactly as described in *Miranda*. *Duckworth v. Eagan*, 492 U.S. 195, 202 (1989). Given the testimony and evidence, we cannot conclude that driving impacted Agent's Linehan's ability to accurately impart Mejia's *Miranda* rights. Moreover, the record does not foreclose a conclusion that Agent Linehan testified to a summary of the rights he read to Mejia. Therefore, it was neither plain error to conclude Mejia was properly informed of his *Miranda* rights nor to admit his statements.

### D.   Shackling

**[13]** The Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury without a trial court determination that they are justified. *Deck v. Missouri*, 544 U.S. 622, 629 (2005). "When the jury never saw the defendant's shackles in the courtroom, we have held that the shackles did not prejudice the defendant's right to a fair trial." *Williams v. Woodford*, 384 F.3d 567, 592 (9th Cir. 2004).

**[14]** First, because (1) the district court found the jury could not see Mejia's shackles, (2) Mejia failed to raise concerns at the time of voir dire, and (3) because Mejia does not offer any evidence now that jurors during voir dire could see his shackles, we accept as fact the district court's finding that the jury could not see Mejia's shackles. Also, the district court properly considered both the recommendations of the U.S. Marshals as well as Mejia's disruptive behavior in the courtroom to conclude the use of physical restraints was justified. Moreover, where a defendant does not indicate to the district court that he wishes to be present at sidebar, he waives his right. *See United States v. Sherwood*, 98 F.3d 402, 407 (9th Cir. 1996). Thus, we conclude the district court did not abuse

its discretion by shackling Mejia during trial, nor were Mejia's due process rights violated.

### E. Sentencing: § 3553(a) Factors

**[15]** "The district court need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). "[W]here judge and Commission *both* determine that the Guidelines sentences is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors." *Rita v. United States*, 127 S.Ct. 2456, 2467 (2007). The failure specifically to mention the § 3553(a) factors does not render the sentence unreasonable. Thus, the district court did not abuse its discretion.

### F. Sentencing Entrapment

**[16]** Sentencing entrapment occurs when a defendant is predisposed to commit a lesser crime, but is entrapped by the government into committing a crime subject to more severe punishment. *United States v. Si*, 343 F.3d 1116, 1128 (9th Cir. 2003). The burden is on the defendant to show, by a preponderance of the evidence: 1) the lack of intent to produce the quantity of drugs; and 2) the lack of capability to produce the quantity of drugs. *See United States v. Naranjo*, 52 F.3d 245, 250 n.13 (9th Cir. 1995). Mejia has failed to show by a preponderance of the evidence that he lacked both the intent and the capability to produce the quantity of drugs. Thus, the district court was reasonable in rejecting Mejia's argument of sentencing entrapment and did not abuse its discretion.

### G. Sentencing: Imperfect Entrapment

**[17]** A downward departure in sentencing may be appropriate where the level of coercion or duress does not rise to a complete defense. *See United States v. Garza-Juarez*, 992 F.2d 896, 911 (9th Cir. 1993). Mejia offered no evidence

illustrating why he should have been entitled to a downward departure for imperfect entrapment. The district court reviewed the presentence report, read the parties' submissions and listened to the testimony and argument of both parties. It was, therefore, reasonable and not an abuse of the district court's discretion to reject Mejia's imperfect entrapment argument.

## H.   Sentencing: Acceptance of Responsibility

**[18]** A defendant who "clearly demonstrates acceptance of responsibility for his offense" is entitled to a sentence reduction for acceptance of responsibility. U.S.S.G. § 3E1.1(a). Mejia fails to put forth any reason why he is entitled to the reduction for acceptance of responsibility. The district court was within its discretion in finding Mejia failed to meet this burden and, thus, committed no clear error.

## I.   Sentencing: Sufficiency of the Evidence/Drug Quantity

**[19]** In cases involving drugs, "although the guidelines clearly authorize the district court to approximate drug quantities . . . the government is required to prove approximate quantity by a preponderance of the evidence." *United States v. August*, 86 F.3d 151, 154 (9th Cir. 1996). Based on the evidence as a whole, drawing all reasonable inferences in favor of the government, and resolving conflicts in evidence in favor of the jury's verdict, there was sufficient evidence to support the drug quantity finding of 447.5 grams for the October 19, 2004 transaction. Accordingly, the district court did not commit plain error in calculating a base offense level of 34 rather than 32.

## CONCLUSION

Therefore, we affirm Mejia's judgment of conviction, but vacate his sentence and remand to the district court to resen-

tence Mejia in accordance with a base offense level of 34 and a criminal history category of II.

**AFFIRMED in part; VACATED and REMANDED in part.**