**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50539 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00498-PSG-1 |
| v. | |
| SHANITA MONIQUE HAMPTON, AKA Snake, AKA Fnu Lnu, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted February 1, 2010 [**]
Pasadena, California

Before: KLEINFELD, WARDLAW and CALLAHAN, Circuit Judges.

Shanita Monique Hampton appeals from her sentence for knowingly

distributing crack cocaine. We affirm her sentence.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hampton's waiver of her right to appeal certain issues is valid.[1]  Although the district court erred under Fed. R. Crim. P. 11(c) by having the prosecutor read into the record the plea agreement's appellate waiver provision, *see United States v. Ma*, 290 F.3d 1002, 1005 (9th Cir. 2002), because Hampton failed to object in the district court, we review for plain error.  *United States v. Vonn*, 535 U.S. 55, 58 (2002).  Hampton signed an informed waiver, and affirmed that she was waiving her right to appeal when specifically asked by the district court.  Hampton "has failed to show that the error seriously affected the fairness or integrity of her plea." *Ma*, 290 F.3d at 1005.

Nor did the district court abuse its discretion in imposing a 92-month sentence.  *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Hampton accepts that the Pre-Sentence Report properly calculated the offense level and criminal history category producing a sentencing range under the Guidelines of 92 to 115 months.  She argues that the Supreme Court has held that a sentence within the Guidelines may be unreasonable and that her sentence is unreasonable in light of the disparity in sentences for crack cocaine and powder cocaine and because of her difficult childhood.  The district court considered Hampton's

---

[1]  Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

arguments and evidence and considered the factors under 18 U.S.C. § 3553(a).
There is no showing of abuse of discretion.

Hampton's argument that her sentence violates the equal protection component of the Fifth Amendment because the disparity in sentencing between crack and powder cocaine discriminates against African-Americans has been previously rejected by the Ninth Circuit. *United States v. Dumas*, 64 F.3d 1427 (9th Cir. 1995); *United States v. Harding*, 971 F.2d 410, 414 (9th Cir. 1992). We are bound by these opinions. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

The district court did not err in requiring Hampton to participate in mental health treatment. "A district court has discretion to order special conditions of supervised release pursuant to 18 U.S.C. § 3583(d) if the conditions . . . are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003) (internal quotation marks and citations omitted). Here, Hampton specifically requested mental health treatment during her pre-sentence interview and the record reflects that she had become "seriously depressed" as a result of the abuse she suffered as a child. Thus, "the court had

3

reason to believe [Hampton] would benefit from a mental health evaluation and possible treatment." *United States v. Napier*, 463 F.3d 1040, 1045 (9th Cir. 2006).

Finally, Hampton is not entitled to any relief based on alleged errors in the calculation of her criminal history points. Hampton is barred from raising this argument on appeal by her valid waiver of appeal. Even if she were not, because she failed to raise these issues in the district court, they are reviewed for plain error. *United States v. Mejia*, 559 F.3d 1113, 1115 (9th Cir. 2009). Because Hampton admits that the alleged errors would not change her criminal history category, they do not affect her substantive rights, which is required for relief under plain error review. *Id.*

For the foregoing reasons, Hampton's sentence is **AFFIRMED**.