**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10000 |
| Plaintiff - Appellee, | D.C. No. 3:05-CR-00085-1 |
| v. | |
| JAMES WILLIAM LONDO, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, District Judge, Presiding

Submitted February 8, 2010 [**]
San Francisco, California

Before: HALL and McKEOWN, Circuit Judges, and CAMPBELL, [***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David G. Campbell, United States District Judge for
the District of Arizona, sitting by designation.

James Londo ("Londo") timely appeals from a judgment of conviction of one count of conspiracy to possess with intent to distribute and to distribute more than 50 grams of methamphetamine ("Count One"), and one count of possession with intent to distribute more than 50 grams of methamphetamine ("Count Two"), in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. Londo contends that the district court: (1) abused its discretion by granting his *third* motion to withdraw a 2005 guilty plea as to Count One only, for which he would have been sentenced to 10 years in prison, so that he could present a "sentencing entrapment" defense to a jury; and (2) committed an error of law when it submitted his theory of "sentencing entrapment" to the jury for decision. After the jury rejected his defense and found him guilty of both Count One and Count Two, Londo was sentenced to the statutory minimum term of 20 years prescribed by 21 U.S.C. § 841(b)(1)(viii), in light of a prior state felony drug conviction and the government's filing of an information pursuant to 21 U.S.C. § 851. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**I.**

The large body of evidence presented during a five-day jury trial, the procedural events of the case, and the applicable law are well known to the parties. Thus, we will recite such information only as necessary to our disposition of the

claims of error raised in this appeal.

## II.

An error caused by actions of the complaining party will provide grounds for reversal only in an "exceptional situation." *United States v. Schaff*, 948 F.2d 501, 506 (9th Cir. 1991); *see also United States v. Perez,* 116 F.3d 840, 844-46 (9th Cir. 1997) (en banc). Such an "invited error" will be cause for reversal only when correction "is necessary to preserve the integrity of the judicial process or to prevent a miscarriage of justice." *Schaff,* 948 F.2d at 506.

Upon review of the record on appeal, we are convinced that Londo knowingly and voluntarily waived the rights afforded by his 2005 plea agreement because he wanted to have a jury decide whether, as he adamantly claimed for over two years, the government had improperly induced him to arrange a drug deal involving a much larger amount of methamphetamine than he, an admitted small-time drug dealer, customarily dealt—i.e., whether he was subjected to "sentencing entrapment." Indeed, the district court advised Londo, during the hearing on his *third* motion to withdraw his guilty plea in January 2008, that there were no reported cases specifically authorizing a substantive defense of "sentencing entrapment," but that the amount of drugs alleged in the indictment was, after *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and its progeny, a question for the

3

jury, not the court, to decide. Thus, the court explained that it seemed only "logical and sensible" that Londo should be allowed to try to prove he was not predisposed to deal in the relatively large amounts alleged and that he would not have done so but for government inducements that "upped the ante" well above the levels at which he usually dealt. In these circumstances, if there was any error in the district court's decision to grant Londo's third motion to withdraw his guilty plea to allow him to pursue a "sentencing entrapment" defense, it was "invited error" for which appellate review is unavailable when combined with relinquishment of a known right. *See Perez,* 116 F.3d at 845 ("If the defendant has both invited the error, and relinquished a known right, then the error is waived and therefore unreviewable.").

## III.

After finally convincing the district court to allow him to withdraw his guilty plea so that he could assert a defense of "sentencing entrapment," and building virtually his entire defense around that issue, Londo now contends—for the first time on appeal—that "sentencing entrapment" is *not* a permissible substantive defense to a federal drug charge, and that the district court erred as a matter of law by allowing him to present that defense to the jury. We reject this argument.

When a party fails to raise or preserve an objection or claim of error as to a

4

decision of the district court, we review that decision only for plain error. *United States v. Sanchez*, 176 F.3d 1214, 1218 (9th Cir. 1999); Fed. R. Crim. P. 52(b). The district court commits plain error when there is "(1) error, (2) that is plain, and (3) that affect[s] substantial rights." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997). "[A]n error is not plain unless it is 'clear' or 'obvious.'" *United States v. Smith*, 424 F.3d 992, 1002 (9th Cir. 2005) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). "Plain error is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir. 1997). "At a minimum, the Court of Appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law." *Olano*, 507 U.S. at 734.

Both before and after the Supreme Court decided *Apprendi*, Ninth Circuit case law has recognized the theory of "sentencing entrapment," but only as a matter to be considered at sentencing. *See United States v. Mejia,* 559 F.3d 1113, 1118 (9th Cir. 2009); *United States* v. *Staufer*, 38 F.3d 1103, 1106-08 (9th Cir. 1994). The issue whether the "sentencing entrapment" theory can be invoked as a substantive defense to a drug offense after *Apprendi* has been discussed in the case law, but has never been specifically approved *or* disapproved by any federal appellate court. *See United States v. Gunn*, 369 F.3d 1229, 1236-37 (11th Cir.

5

2004); *United States v. Ryan*, 289 F.3d 1339, 1342-43 (11th Cir. 2002). As the law was unsettled at the time Londo moved to withdraw his guilty plea, the district court's decision to allow him to present evidence and argument to the jury under a "sentencing entrapment" theory was neither clear nor obvious error.

Even if the district court committed a "clear" or "obvious" error of law, however, we would not reverse Londo's conviction. The evidence of his guilt of both charged offenses was overwhelming and crystal clear, and the fact of his prior felony conviction for possession of a controlled substance—which doubled the sentence he was slated to receive under the terms of his 2005 plea agreement—was indisputable. If he had not been allowed to present a defense of "sentencing entrapment," it appears he would have had no defense at all, and there is no reason to believe the verdict, or his sentence, would have been any different. Thus, any error in the district court's decision to submit the "sentencing entrapment" defense to the jury did not affect his substantial rights.

**IV.**

For all the foregoing reasons, the judgment of conviction, including the sentence imposed, is **AFFIRMED.**