**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10541 |
| Plaintiff - Appellee, | D.C. No. 1:07-cr-00423-HG-1 |
| v. | |
| FRANCIS KALANI LII, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, Senior District Judge, Presiding

Argued and Submitted June 18, 2010
Honolulu, Hawaii

Before: B. FLETCHER, PREGERSON and CLIFTON, Circuit Judges.

Francis Kalani Lii appeals his convictions for (1) conspiracy to distribute

and to possess with intent to distribute methamphetamine and (2) possession with

intent to distribute and distribution of methamphetamine. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Beginning with Lii's Confrontation Clause challenge, we conclude that the trial judge erred in allowing the government to introduce certain of the taped conversations between Carice Stewart and informant William "Boo" Cabuag without calling Cabuag to testify. Particularly in the absence of a limiting instruction, we cannot agree that those taped conversations in which Cabuag explicitly identified Lii were offered solely to provide context for Stewart's statements and not to show Lii's involvement in the drug transactions. *See Ray v. Boatwright*, 592 F.3d 793, 796-97 (7th Cir. 2010). *Cf. Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004); *United States v. Paulino*, 445 F.3d 211, 216-17 (2d Cir. 2006). However, this error was harmless beyond a reasonable doubt. *See United States v. Larson*, 495 F.3d 1094, 1108 (9th Cir. 2007) (en banc). Before any of these recordings were played for the jury, defense counsel introduced evidence that Cabuag knew that Lii was selling methamphetamine. Accordingly, the jury already knew that Cabuag had knowledge that Lii was involved in the drug transactions. The government also presented ample other evidence of Lii's involvement, including Stewart's testimony, Stewart's recorded statements, and Officer Akana's testimony. Moreover, the government did not, as Lii suggests, rely on Cabuag's statements in closing argument to prove that Lii was involved in the transactions. Rather, it relied on Stewart's recorded statements to

2

corroborate her testimony on the stand. Finally, none of the statements that Lii singles out as objectionable relate to the December 21 transaction. Because this transaction is the basis for the jury's conviction of Lii on Count 2 of the indictment, the jury necessarily had to have found that he was involved in this transaction.

Lii also argues that the evidence was not sufficient to establish the conspiracy element of Count 1 of the indictment because the government failed to prove that there was an agreement between Lii and a third party to distribute methamphetamine. Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to support the conviction on this count. *See United States v. Shea*, 493 F.3d 1110, 1114 (9th Cir. 2007). A reasonable jury could have concluded that Lii's relationship with Stewart was not merely a buyer-seller relationship but a joint venture to distribute methamphetamine. Stewart's testimony provides extensive evidence on this point, including that she was selling Lii's methamphetamine for him, that initially he did not require her to pay for the drugs, and that on later occasions she would get the commitment to purchase first and then call Lii to provide the drugs. The two of them picked up the drugs together and together divided the drugs for sale. On at least one occasion Lii instructed Stewart to meet with Cabuag to sell Cabuag methamphetamine. A jury

may reasonably infer a conspiratorial agreement from a long list of coordinated actions. *United States v. Iriarte-Ortega*, 113 F.3d 1022, 1024 (9th Cir. 1997), *as amended* 127 F.3d 1200 (9th Cir. 1997). Lii also had a conversation with Officer Akana, who was then undercover, in which he demanded that Akana and Cabuag provide the money for the drugs that Stewart had just delivered to them.

Lii challenges the trial judge's decision to conduct portions of jury selection at sidebar. Because Lii acquiesced in this procedure, he forfeited his right to a public trial as to this portion of voir dire and cannot now maintain that the court's procedure was an unconstitutional courtroom closure. *See, e.g.*, *Waller v. Georgia*, 467 U.S. 39, 47 (1984) ("[U]nder the Sixth Amendment any closure of a suppression hearing *over the objections of the accused* must meet the tests set out in *Press-Enterprise* and its predecessors." (emphasis added)); *United States v. Mejia*, 559 F.3d 1113, 1118 (9th Cir. 2009); *United States v. Sherwood*, 98 F.3d 402, 407 (9th Cir. 1996*)*; *United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006). Even if we assume that Lii did not forfeit this right, we would not hold that the judge's decision to question the jurors at sidebar was plain error. *See United States v. Recio*, 371 F.3d 1093, 1100 & n.4 (9th Cir. 2004). There is no evidence that failing to include him at sidebar affected his substantial rights or that his presence

would in any way have affected the composition of the jury. *See United States v. Fontenot*, 14 F.3d 1364, 1369-70 (9th Cir. 1994).

The trial court did not err in allowing Lii's counsel to withdraw, nor did the court err in how it conducted the withdrawal hearing. Contrary to Lii's argument, the court did not apply a categorical rule requiring substitution of counsel in the event of a conflict but rather considered the facts of this case. The court was not obligated to accept Lii's attempt to waive his right to unconflicted counsel, and the decision to appoint substitute counsel was within the court's discretion. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-52 (2006); *Alberni v. McDaniel*, 458 F.3d 860, 870 (9th Cir. 2006). Because the court acted within its discretion in rejecting Lii's attempted waiver, it is immaterial that Lii was not informed of the precise nature of the conflict.

Relatedly, the judge's decision to close the courtroom and exclude Lii during the brief period where the public defender explained the precise nature of the conflict for the record did not violate Lii's right to be present. Lii's absence did not impair the fairness of the proceedings against him and, in any event, any error was harmless. *See United States v. Gagnon*, 470 U.S. 522, 526-27 (1985); *United States v. Marks*, 530 F.3d 799, 812-13 (9th Cir. 2008). The judge concluded the conflict was a "slam dunk," was aware of Lii's opposition to his

5

counsel's withdrawal, and was well within his discretion in refusing to accept Lii's attempted waiver. In contrast to *Bradley v. Henry*, 510 F.3d 1093, 1098 (9th Cir. 2007), we cannot see how Lii's presence could have affected the proceeding—at most, it seems, it might have prompted Lii to reverse course and agree that substitute counsel should be appointed. Moreover, Lii had no right to counsel of choice, again unlike *Bradley v. Henry*. *See id*.; *Gonzalez-Lopez*, 548 U.S. at 151-52. As to Lii's right to a public trial, the very brief closure addressed an issue that had nothing to do with the substance of the charges against him and implicates none of the values articulated in *United States v. Ivester*, 316 F.3d 955, 959-60 (9th Cir. 2003).

Finally, the court did not err in failing to appoint separate counsel to advocate on Lii's behalf at the withdrawal hearing. Unlike *United States v. Wadsworth*, 830 F.2d 1500, 1510 (9th Cir. 1987), and *United States v. Adelzo-Gonzalez*, 268 F.3d 772, 779-80 (9th Cir. 2001), the withdrawal hearing did not result in Lii being denied any rights. Rather, it resulted in his receiving unconflicted counsel with ample time to prepare for trial. At most Lii was unable to proceed with a particular attorney of his choosing, a right that defendants with appointed counsel do not possess. As in *Hovey v. Ayers*, 458 F.3d 892, 901-02 (9th Cir. 2006), the hearing in this case was not a critical stage.

6

**AFFIRMED.**