**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50589 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00373-MMM-1 |
| v. | |
| GUILLERMO ARREDONDO BENITEZ, AKA Guillermo Benitez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted October 4, 2010[**]
Pasadena, California

Before: PREGERSON, D.W. NELSON and IKUTA, Circuit Judges.

Guillermo Arredondo Benitez ("Arredondo Benitez") appeals his sentence of

60 months imprisonment imposed by the federal district court for one count of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

being an illegal alien found in the United States following deportation. We have jurisdiction under 18 U.S.C. § 3732(a), and we affirm the district court.

Arredondo Benitez contends that the district court erred in assigning him one criminal history point under the U.S. Sentencing Guidelines for an unlicensed driving conviction in California state court that resulted in 24 months of summary probation. Because Arredondo Benitez did not raise this objection before the district court, we review only for plain error. *United States v. Guzman-Mata*, 579 F.3d 1065, 1068 (9th Cir. 2009).

Arredondo Benitez claims his term of probation should not count under the Guidelines because, he asserts, his presentence report indicates the term was suspended. This assertion is contradicted by the California Penal Code, which makes clear that probation is a result of a suspended sentence, and not something that is itself suspended. *See* Cal. Penal Code § 1203(a). Arredondo Benitez contends that in *United States v. Mejia*, 559 F.3d 1113, 1115-16 (9th Cir. 2009), this court interpreted a suspended sentence similar to his as describing a suspension of summary probation. However, other statements in *Mejia* make clear that the court saw suspension of the sentence (which eliminated all but 16 days of the prison term) and termination of probation (which eliminated all but 3 days of

2

probation) as two distinct acts.  *See id.*  Thus, the district court did not plainly err in concluding Arredondo Benitez's term of probation had not been suspended.

Arredondo Benitez also argues summary probation does not count as "probation" under the Guidelines because it lacks a supervisory or custodial component.  This argument is contradicted by our decision in *United States v. McCrudden*, 894 F.2d 338, 339 (9th Cir. 1990), which states that "[t]he guidelines make no provision for treating 'unsupervised' probation as less than probation. Even if unsupervised, probation can be revoked and replaced by a sentence of greater punishment if further offenses are committed during the probationary period."  Thus, the district court did not plainly err in treating summary probation as "probation" under the Guidelines.

AFFIRMED.