NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>No. 09-50576</td></tr>
<tr><td>Plaintiff - Appellee,</td><td>D.C. No. CR-08-01268-GHK</td></tr>
<tr><td>v.</td><td>MEMORANDUM*</td></tr>
<tr><td>DANIEL E. MOREN,</td><td></td></tr>
<tr><td>Defendant - Appellant.</td><td></td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted November 4, 2010**
Pasadena, California

Before: WALLACE and GRABER, Circuit Judges, and MILLS,*** Senior District
Judge.

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

\*\*\* The Honorable Richard Mills, Senior United States District Judge for
the Central District of Illinois, sitting by designation.

Daniel E. Moren appeals from his conviction for possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d). Moren was sentenced to serve 12 months and 1 day, but was allowed to remain on bail pending this appeal. Moren claims that there was insufficient evidence supporting his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Following a two-day bench trial, Moren was found guilty of the charged offense. Our review of whether sufficient evidence was presented to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307 (1979). *See United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc). We must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

A "firearm" is defined, in pertinent part, as "(1) a shotgun having a barrel or barrels of less than 18 inches in length;" or "(2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length." 26 U.S.C. § 5845(a) (1)–(2). In order to obtain a conviction under § 5861(d), the government must prove that the defendant knew that the unregistered firearm in his possession was illegal to possess. *See United States v. Summers*, 268 F.3d 683, 687-88 (9th Cir. 2001).

The parties stipulated that the sawed-off shotgun was under the legal length and unregistered. Thus, the government needed only to prove that Moren knowingly possessed the unregistered firearm in order to sustain the conviction.

We conclude that the government's evidence was sufficient to support Moren's conviction. One of the investigating detectives testified that Moren immediately identified the shotgun as his and volunteered information about it. The other detective testified that Moren stated that someone had brought the shotgun to him eight years earlier and he knew that it was illegal. Although Moren testified that he confused the illegal shotgun with a legal firearm that had been given to him to repair, the district judge was entitled to reject this testimony. Because the district judge was in the best position to observe the demeanor of the witnesses, we resolve matters of credibility in a manner supporting the verdict. *See United States v. Mejia*, 559 F.3d 1113, 1116 (9th Cir. 2009).

When the evidence is viewed in the light most favorable to the government, we conclude that a rational trier of fact could have found each of the elements to sustain a conviction under 26 U.S.C. § 5861(d).

**AFFIRMED.**