**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10173 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00164-KJD-GWF-2 |
| v. | |
| LEONARD JACKSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
George W. Foley, Magistrate Judge, Presiding

Argued and Submitted November 17, 2011
San Francisco, California

Before: THOMAS, GOULD, and BYBEE, Circuit Judges.

The district court sentenced Leonard Jackson to 200 months' imprisonment

based on a guilty jury verdict on the counts of conspiracy to interfere with

commerce by robbery and conspiracy to posses cocaine with intent to distribute.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Jackson first contends that the district court erred in rejecting his request for a below-guideline sentence based on sentencing entrapment and that, because of this error, his sentence is substantively unreasonable.

"Sentencing entrapment occurs when a defendant is predisposed to commit a lesser crime, but is entrapped by the government into committing a crime subject to more severe punishment." *United States v. Mejia*, 559 F.3d 1113, 1118 (9th Cir. 2009). In *United States v. Naranjo*, this court recognized that "a downward departure is warranted when sentencing entrapment occurs." 52 F.3d 245, 250 (9th Cir. 1995). The purpose of the sentencing entrapment departure is to ensure that the sentence properly takes into account the defendant's culpability and ability to commit the crime. *See United States v. Staufer*, 38 F.3d 1103, 1107 (9th Cir. 1994).

In the typical sentencing entrapment situation, a government agent convinces a drug dealer to buy or sell more drugs than he would otherwise be inclined to deal in. *See United States v. Briggs*, 623 F.3d 724, 729 (9th Cir. 2010). To prove sentencing entrapment of this type, a defendant must show that the government "engaged in outrageous official conduct which caused the individual to commit a more significant crime for which a greater penalty attaches." *United States v. Si*, 343 F.3d 1116, 1128 (9th Cir. 2003). Thus, the defendant bears the

2

burden of proving that he did not have the intent or the resources to complete the transaction or operation, *see Naranjo*, 52 F.3d at 250, but that he was predisposed to commit only a lesser crime, *see Staufer*, 38 F.3d at 1108.

We have recognized that something similar to sentencing entrapment may occur in another way, based on the dangers inherent in "fictional stash house operations." *Briggs*, 623 F.3d at 729. Because the government creates the scenario, it is free to set the amount of drugs "at an arbitrarily high level" and "minimize the obstacles that a defendant must overcome to obtain the drugs." *Id.* at 729–30. Therefore, courts should "take a hard look to ensure that the proposed stash-house robbery was within the scope of [the defendant's] ambition and means." *Id.* at 730.

In this case, Jackson did not allege, nor offer any proof, that the government engaged in outrageous conduct causing him to commit a more significant crime than he was predisposed to commit. Jackson's sole argument is that the fictional stash-house scenario implicates sentencing entrapment because "the amount of cocaine was huge, the amount of potential profit tremendous, and the operation, from the defendants' perspective, relatively hassle free." The planned operation included at least twenty-two to thirty-nine kilograms of cocaine, at a potential value of over $1.2 million, and Jackson was told that the house would be guarded

3

by two men (one armed), and that this would be a dangerous operation requiring the use of weapons.

Although in some future case the balance of equities may be such that similar scenarios rise to the level of sentencing entrapment, Jackson fails to show that the proposed stash house robbery was not within the scope of his ambition or means. Therefore, the district court did not err in rejecting Jackson's sentencing entrapment defense.

Jackson's second claim is that the district court erred by failing to *sua sponte* enter judgment of acquittal based on entrapment as a matter of law. The defense of entrapment has two elements: (1) the government induced the defendant to commit the crime, and (2) the defendant was not predisposed to commit the crime. *See Si*, 343 F.3d at 1125. The mere fact that the government provided the robbery target, whether real or fictional, is not enough to prove inducement. *See id.* "The principal element of entrapment is the defendant's predisposition to commit the crime." *Staufer*, 38 F.3d at 1108 (internal quotation marks omitted). To show that the district court should have found entrapment as a matter of law, a defendant must show "*undisputed evidence* making it patently clear that an otherwise innocent person was induced to commit the illegal act." *Id.* (internal quotation marks omitted).

4

Jackson claims that he is entitled to entrapment as a matter of law because he had no felony criminal record.  Jackson presented no other evidence that the government induced him or that he was not predisposed to commit the crime, and in fact, the evidence shows that Jackson was a willing participant in the proposed robbery.  Because Jackson has not provided undisputed evidence that he was "otherwise innocent," there was no error.  *See Staufer*, 38 F.3d at 1108.

**AFFIRMED.**