FILED

NOT FOR PUBLICATION

NOV 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10254 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00164-KJD-GWF-1 |
| v. | |
| DEONTE REED, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted November 17, 2011
San Francisco, California

Before: THOMAS, GOULD, and BYBEE, Circuit Judges.

After a guilty jury verdict, the district court sentenced Deonte Reed to 240 months' imprisonment for conspiracy to interfere with commerce by robbery and 180 months for conspiracy to possess cocaine with intent to distribute, to be served concurrently, and 60 months for possession of a firearm in furtherance of a drug

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

trafficking crime and aiding and abetting, to be served consecutive to the other counts. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Reed contends that the trial court erred in denying his motion in limine and incorrectly admitting evidence of Reed's subsequent criminal activity. When a defendant asserts entrapment as a defense, the government must prove beyond a reasonable doubt that either "'(1) the defendant was predisposed to commit the crime before being contacted by government agents; or (2) the defendant was not induced by the government agents to commit the crime.'" *United States v. Mejia*, 559 F.3d 1113, 1116 (9th Cir. 2009) (quoting 9th Cir. Crim. Jury Instr. 6.2 (2003)).

To prove predisposition, the prosecution must show that the defendant was disposed to commit the crime before being approached by the agents. *United States v. Poehlman*, 217 F.3d 692, 703 (9th Cir. 2000). We look to five factors in the predisposition determination: (1) the character or reputation of the defendant, including any prior criminal record, (2) the party who made the initial suggestion, (3) whether profit was a motive, (4) evidence of reluctance by the defendant, and (5) the nature of the government's inducement. *United States v. Williams*, 547 F.3d 1187, 1198 (9th Cir. 2008). "[T]he well-settled rule that character must be considered is tantamount to a holding that it is an 'essential element' of the defense [of entrapment]." *United States v. Thomas*, 134 F.3d 975, 980 (9th Cir. 1998).

2

When character of a person is an essential element of a charge or defense, the Federal Rules of Evidence allow proof to be made by specific instances of that person's conduct. Fed. R. Evid. 405(b).

With one exception (the May 5, 2008, burglary in which Reed stole the gun that he planned to use in this case), the evidence of Reed's criminal behavior was relevant to the issue of his character for purposes of predisposition. These specific instances of criminal conduct all occurred after the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") set up the undercover store front, and most occurred after Reed met the confidential informant, but before he was approached with the fictitious stash house plan. This conduct is independent of the government actions, and goes to prove Reed's mental state before the stash house plan was presented to him.

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is admissible to show intent, preparation, or plan. Fed. R. Evid. 404(b). Although the May 2008 burglary was not likely admissible to prove predisposition because it occurred after the government suggested and began planning the fictitious stash house robbery, it was admissible to show preparation or planning under Federal Rule of Evidence 404(b). Therefore, it does not appear

that the district court abused its discretion in denying the motion in limine and admitting evidence of Reed's criminal activities.

Reed next contends that the trial court erred in allowing Jury Instruction No. 8 to be given, because it "supports several instances in which the Court simply interpreted the law incorrectly," and because it is "blatantly prejudicial to Reed." When a jury instruction is at issue, "prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was not fairly and correctly covered." *Gambini v. Total Renal Care, Inc.*, 486 F.3d 1087, 1092 (9th Cir. 2007) (internal quotation marks omitted). In other words, the relevant inquiry is whether, as a whole, the instructions were misleading or inadequate to guide the jury's deliberation. *See United States v. Frega*, 179 F.3d 793, 806 n.16 (9th Cir. 1999).

The district court had properly admitted evidence of specific instances of Reed's criminal conduct. Jury Instruction No. 8 was a limiting instruction, requiring the jury to use certain admissible evidence only as it related to preparation, plan, or predisposition. The instruction was not prejudicial and the district court did not abuse its discretion in its formulation of Jury Instruction No. 8.

**AFFIRMED.**

4