NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30235 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00096-JCC-1 |
| v. | |
| STEVEN ASIR THOMAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted October 6, 2016[**]
Seattle, Washington

Before: W. FLETCHER, FISHER and N.R. SMITH, Circuit Judges.

Steven Asir Thomas appeals his convictions and sentences for conspiracy to

distribute methamphetamine, cocaine and marijuana, 21 U.S.C. § 841(a)(1),

841(b)(1)(A) & 846; money laundering, 18 U.S.C. § 1956(a)(3) & 1956(b)(1); and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conspiracy to possess firearms in furtherance of a drug trafficking crime, 18 U.S.C. § 924(o). We have jurisdiction under 18 U.S.C. § 1291, and we affirm.

1. The entrapment defense has two elements: first, the defendant was induced to commit the crime by a government agent, and second, he was not otherwise predisposed to commit the crime. *See United States v. Jones*, 231 F.3d 508, 516 (9th Cir. 2000). Here, viewing the evidence in the light most favorable to the government, a reasonable jury could have concluded the government proved beyond any reasonable doubt that Thomas was not induced and that he was predisposed to commit the crimes of which he was convicted. *See id.*

With respect to the first element, Thomas contends he was induced to commit his crimes because the government promised him investments in his nightclub at a time when he was desperate for funds and because the government gave him large sums of a money at low risk. Large monetary rewards, however, are the prototypical criminal motivation for drug dealing and money laundering and do not provide a basis for establishing inducement. *See United States v. Spentz*, 653 F.3d 815, 820 n.4 (9th Cir. 2011) ("[T]he reward promised cannot be the criminal reward but must be some other, non-criminal reward that the individual receives for committing the crime."). A reasonable jury also could have rejected Thomas' contention that he committed these crimes because he feared

2

Agent Hunt due to an outstanding debt. Hunt testified he never threatened Thomas. More importantly, Thomas engaged in money laundering and drug transactions with Hunt *before* he owed him money. Thomas incurred his debt only after willingly accepting money to launder.

As to the second element, Thomas contends he was reluctant to engage in kilogram-level methamphetamine deals, to possess firearms and to launder money through his nightclub. *See Jones*, 231 F.3d at 518 (reluctance to engage in criminal activity is the most important consideration in a predisposition inquiry). But the government presented evidence showing Thomas engaged in kilogram-level cocaine deals before Armstrong became a government agent. A recorded conversation revealed that (unrelated to his dealings with Hunt) Thomas purchased a handgun to provide as a gift to one of his cartel contacts in order to further his drug activities. Thomas also said he went into the nightclub business to "take care of [his] other activities," an apparent reference to the alleged conduct. On this record, a reasonable jury could have concluded beyond any reasonable doubt Thomas was predisposed to commit his crimes.

2. Sentencing entrapment occurs when a defendant is "predisposed to commit a lesser crime, but is entrapped by the government into committing a crime subject to more severe punishment." *United States v. Mejia*, 559 F.3d 1113, 1118

(9th Cir. 2009). The defendant has the burden to show by a preponderance of the evidence he lacked the intent and the capability to produce the quantity of drugs. *See id.* We review for abuse of discretion the district court's decision to reject Thomas' sentencing entrapment argument. *See id.*[1]

The district court does not appear to have addressed this argument on the record, which would constitute procedural error. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). Thomas, however, does not raise that argument, so it is waived. The district court's rejection of the sentencing entrapment argument was not "illogical," "implausible" or "without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (2009) (en banc) (internal quotation marks omitted). Thomas produced no evidence to show a reluctance to participate in the proposed drug deals because of the *quantity* of drugs involved. The district court did not abuse its discretion.

**AFFIRMED**.

\*\*\*

---

[1] Because Thomas did not request a sentencing entrapment instruction, we do not consider whether the jury should have been instructed on this issue. *See United States v. Cortes*, 757 F.3d 850, 863-64 (9th Cir. 2013).

4

Thomas' pro se motion to stay direct appeal (Dkt. 42) is **MOOT** in light of his subsequent decision to withdraw the motion (Dkt. 49).