**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    14-50513 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00829-PA-1 |
| v. | |
| FABEL ROQUE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted October 3, 2016
Pasadena, California

Before: D.W. NELSON and PAEZ, Circuit Judges, and BUCKLO,[**] District
Judge.

Fabel Roque ("Roque") appeals his conviction of distribution of more than

fifty grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(A)(viii). Roque challenges the district court's denial of his request for a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Elaine E. Bucklo, United States District Judge for the
Northern District of Illinois, sitting by designation.

sentencing entrapment jury instruction and his motion for acquittal on the basis of sentencing entrapment. We have jurisdiction under 28 U.S.C. § 1291 and we REVERSE and REMAND.

**1.** We review de novo the district court's denial of a jury instruction when there is a question of whether the instruction adequately presented the defendant's theory of the case and for abuse of discretion when there is a question of adequate factual basis. *United States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2013).

**2.** Sentencing entrapment is an element of the crime and therefore a question for the jury. *Id*. A defendant is entitled to a sentencing entrapment jury instruction if there is "some foundation in the evidence" or "evidence from which the jury could find" that he "would be subject to a lesser statutory minimum or maximum sentence if his sentencing entrapment defense were to succeed." *Id.* at 863-64.[1]

Evidence presented at trial showed that Roque earlier offered to sell an unspecified quantity of methamphetamine but the informant rejected the transaction because it was too small. Roque also offered to connect the informant

---

[1]Unlike in *Cortes*, a reverse sting "stash house" case where the jury would be required to find only that the defendant lacked the capability *or* intent to deal the charged drug quantity, Roque's case is an ordinary sting case, so the jury will have to determine that he lacked both the capability *and* intent to deal the charged drug quantity. 757 F.3d at 861 (citing *United States v. Yuman-Hernandez*, 712 F.3d 471, 475 (9th Cir. 2013).

with a distributor rather than distribute the drugs directly. Roque would be subject to a lower minimum and maximum sentence if successful on his sentencing entrapment defense.[2] There is "some foundation" in the evidence from which a jury could find sentencing entrapment because the jury could conclude that the government set the drug quantity at a higher amount to maximize punishment when the informant rejected a quantity that was too small. The district court erred in denying Roque's request for a jury instruction on sentencing entrapment.

3.      When a district court errs in denying a criminal jury instruction, we reverse "unless there is no reasonable possibility that this error materially affected the verdict." *Id.* at 857. There is a reasonable possibility that the district court's error materially affected the verdict because the jury could have found that Roque showed sentencing entrapment and therefore was responsible for a smaller drug quantity.

---

[2]Roque was sentenced to 121 months imprisonment under § 841(a)(1),(b)(1)(A)(viii) for distributing at least fifty grams of methamphetamine. He was subject to a mandatory minimum sentence of ten years and a maximum of life imprisonment. If the jury found that Roque distributed five to fifty grams of methamphetamine, he would be subject to a mandatory minimum of five years and a maximum of forty years in prison. § 841(b)(1)(B)(viii). If the amount was less than five grams or an unspecified amount of methamphetamine, he would be subject to a maximum of twenty years in prison and no mandatory minimum. § 841(b)(1)(C).

**4.** In light of this disposition, we need not address Roque's challenge to the denial of his motion for acquittal.

REVERSED AND REMANDED.



*U.S. v. Roque,* **No. 14-50513**
**Bucklo, District Judge, dissenting:**

I respectfully dissent. The majority notes that unlike in stash house cases such as *United States v. Cortes*, 757 F.3d 850 (9th Cir. 2013), a defendant in a straightforward purchase-and-sale case such as this must show that he lacked *both* the intent *and* the capacity to deal in the amount of drugs charged. *See, e.g., United States v. Mejia*, 559 F.3d 1113, 1118 (9th Cir. 2009). Because, in my view, there is no evidence in the record to suggest that Roque lacked the capacity to supply the quantity of drugs with which he was charged, I would uphold his conviction.

This case is unlike *United States v. Naranjo*, 52 F.3d 245 (9th Cir. 1995), a purchase-and-sale case in which the record contained evidence that but for the government's involvement, the defendant would have lacked the resources to consummate the charged transaction. In *Naranjo*, after the defendant told an undercover DEA agent that he lacked the money to buy the five kilograms of cocaine the agent wanted to sell, the DEA "structur[ed] the transaction on unusually favorable financial terms," fronting the defendant four of the five kilograms and offering to buy back three or four of them. *Id.* at 251. This evidence, the court concluded, "strongly suggest[ed]" that the defendant lacked the resources to engage in a five-kilogram cocaine transaction. *Id.* In this case, by contrast, there was no evidence that the government artificially enhanced Roque's capacity to deal in the charged quantity of drugs. To the contrary, there is some evidence that

Roque had the capacity to supply an even greater amount than was charged.

It is true that the evidentiary standard governing whether a jury instruction must be given is lenient. Still, it requires Roque to present "some evidence"–however meager–to satisfy each element of the sentencing entrapment defense. While I agree that the evidence to which the majority refers could arguably persuade a jury that Roque lacked the intent to supply the charged quantity of drugs, I do not view it as raising any inference that he lacked the capacity to do so.