Bucklo, District Judge,
dissenting:
I respectfully dissent. The majority notes that unlike in stash house cases such as United States v. Cortes, 757 F.3d 850 (9th Cir. 2013), a defendant in a straightforward purchase-and-sale case such as this must show that he lacked both the intent and the capacity to deal in the amount of drugs charged. See, e.g., United *627 States v. Mejia, 559 F.3d 1113, 1118 (9th Cir. 2009). Because, in my view, there is no evidence in the record to suggest that Roque lacked the capacity to supply the quantity of drugs with which he was charged, I would uphold his conviction.
This case is unlike United States v. Naranjo, 52 F.3d 245 (9th Cir. 1995), a purchase-and-sale case in which the record contained evidence that but for the government’s involvement, the defendant would have lacked the resources to consummate the charged transaction. In Naranjo, after the defendant told an undercover DEA agent that he lacked the money to buy the five kilograms of cocaine the agent wanted to sell, the DEA “structur[ed] the transaction on unusually favorable financial terms,” fronting the defendant four of the five kilograms and offering to buy back three or four of them. Id. at 251. This evidence, the court concluded, “strongly suggested]” that the defendant lacked the resources to engage in a five-kilogram cocaine transaction. Id. In this case, by contrast, there was no evidence that the government artificially enhanced Roque’s capacity to deal in the charged quantity of drugs. To the contrary, there is some evidence that Roque had the capacity to supply an even greater amount than was charged.
It is true that the evidentiary standard governing whether a jury instruction must be given is lenient. Still, it requires Roque to present “some evidence”—however meager—to satisfy each element of the sentencing entrapment defense. While I agree that the evidence to which the majority refers could arguably persuade a jury that Roque lacked the intent to supply the charged quantity of drugs, I do not view it as raising any inference that he lacked the capacity to do so.