**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50086 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00556-PA-1 |
| v. | |
| GERARDO MONTUFAR-RAMIREZ, AKA Gerardo Edwin Estrada, AKA Ramirez Edwin Gerardo, AKA Gerardo Perolino Ramirez, AKA Gerardo Petrolino Montufar, AKA Gerardo Petrolino Ramirez, AKA Gerardo Petronilo Montufar, AKA Smokey, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 9, 2019[**]
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and MURGUIA, Circuit Judges, and RAKOFF,[***] District Judge.

Defendant-appellant Gerardo Montufar-Ramirez (Montufar) appeals the sentence imposed following his guilty plea for unlawfully reentering the United States following deportation, in violation of 8 U.S.C. § 1326(a).

As Montufar did not object to or challenge the district court's inclusion of the additional criminal history point, we review for plain error. *See United States v. Beecroft*, 825 F.3d 991, 995 (9th Cir. 2016). Plain error arises when "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation and alterations omitted).

The district court did not plainly err when it imposed one criminal history point with respect to Montufar's conviction and probationary sentence for driving with a suspended license, despite the fact that he had only served nine months of the probationary term—a shorter period than the one-year threshold set forth in the United States Sentencing Guidelines (Guidelines). *See* U.S.S.G. § 4A1.2(c)(1) (stating that certain misdemeanors, such as driving without a license or with a

---

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

revoked or suspended license, are counted towards a defendant's criminal history "only if (A) the sentence *was a term of probation of more than one year* or a term of imprisonment of at least thirty days") (emphasis added).

Montufar's probationary sentence was revoked and terminated only because the subsequent offense he committed, sexual assault on a child, was incredibly serious and resulted in a sentence of seven years' imprisonment. This circumstance is distinguishable from the facts in *United States v. Mejia*, 559 F.3d 1113, 1115-16 (9th Cir. 2009), where the defendant's two-year probationary sentence was terminated (not revoked) only a few days into the term, and the underlying crime was "not regarded as serious."

Montufar also contends, and the government concedes, that we should remand to allow the district court to correct its judgment, which provides that Montufar is guilty of 8 U.S.C. § 1326(b), in addition to 8 U.S.C. § 1326(a). *See United States v. Garcia-Cardenas*, 555 F.3d 1049, 1051 (9th Cir. 2009) (remanding to strike the reference to § 1326(b)).

Finally, Montufar asserts, and the government agrees, that the district court plainly erred in imposing standard supervised release conditions five (family obligations), six (work obligations), and fourteen (notice to third-parties obligations). Our decision in *United States v. Evans*, 883 F.3d. 1154, 1162-64 (9th

3

Cir. 2018), held that these conditions are unconstitutionally vague. Accordingly, we affirm Montufar's sentence, but remand to the district court (1) to strike the reference to 8 U.S.C. § 1326(b) from Montufar's judgment, and (2) to modify supervised release conditions five, six, and fourteen, consistent with *Evans*.

Each party shall bear its costs on appeal.

**AFFIRMED in part; REMANDED in part**.