**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FREDDY WAYNE JIMENEZ, AKA
Freddy Wayne Jiminez,

Defendant - Appellant.

No. 13-30295

D.C. No. 4:13-cr-00006-DLC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Argued and Submitted May 6, 2016
Portland, Oregon

Before: TASHIMA, TALLMAN, and HURWITZ, Circuit Judges.

Defendant–Appellant Freddy Wayne Jimenez appeals his ten criminal

convictions, which include six counts of assault resulting in serious bodily injury

and four counts of assault with a dangerous weapon, and his sentence of 210

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

months imprisonment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Sufficient evidence supports Jimenez's convictions. *See Musacchio v. United States*, 136 S. Ct. 709, 715 (2016) (holding that evidence is sufficient if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The jury heard and rejected Jimenez's arguments seeking to contradict or discredit the victims who testified at trial. We cannot "second–guess the jury's credibility assessments." *United States v. Ramos-Atondo*, 732 F.3d 1113, 1121 (9th Cir. 2013) (citations and internal quotation marks omitted). And the testimony of these victims was sufficient to support the ten convictions. *See, e.g.*, *United States v. Tam*, 240 F.3d 797, 806 (9th Cir. 2001) (noting that testimony of a single witness may be sufficient to support a conviction).

**2.** The district court neither double counted nor otherwise erred when applying the vulnerable-victim adjustment under § 3A1.1(b)(1) of the United States Sentencing Guidelines ("U.S.S.G."). The district court identified the specific factors that made the children particularly vulnerable: their young age and dependence on their father, and Jimenez's control over them. *See United States v.*

2

*Nielsen*, 694 F.3d 1032, 1037 (9th Cir. 2012); *see also* U.S.S.G. § 3A1.1, app. n. 2. These factors made the children "uniquely vulnerable as compared to the typical victim" of assault. *Nielsen*, 694 F.3d at 1037; *see also United States v. Williams*, 291 F.3d 1180, 1196 (9th Cir. 2002) *overruled on other grounds by United States v. Gonzales*, 506 F.3d 940 (9th Cir. 2007) (en banc) (affirming vulnerable-victim adjustment when minor's "mental condition" was adversely affected by sexual assault by mother's boyfriend and mother's "serious problem with chemical dependency"). Jimenez's parental role was particularly crucial given the condition of the children's mother, whom Jimenez described as "drug addled," and "[im]perfect." Furthermore, as their father, Jimenez would have or should have recognized that his children were vulnerable victims. *See* U.S.S.G. § 3A1.1(b)(1).

**3.** Nor did the district court abuse its discretion when applying a seven-level offense enhancement on Count II for a life-threatening bodily injury under U.S.S.G. § 2A2.2(b)(3)(C). Based on the testimony of Jimenez's ex-wife, her doctor, and a social worker, the district court did not clearly err in finding that the strangulation charged in Count II and endured by Jimenez's ex-wife was life-threatening. *See United States v. Morgan,* 238 F.3d 1180, 1188 (9th Cir. 2001) (holding that victim's injury can be life-threatening under § 2A2.2 when she is

placed in life-threatening situation); *see also* U.S.S.G. § 1B1.1 app. n.1(J)

(defining "life-threatening bodily injury").

**4.** Jimenez argues on appeal that the district court erred by departing from

the applicable guideline range under U.S.S.G. § 4A1.3 (inadequacy of criminal

history category) and § 5K2.3 (extreme psychological injury).[1]  But "[t]his

argument conflates guideline sentencing review with post-*Booker* sentencing

review."  *United States v. Mix*, 457 F.3d 906, 912 (9th Cir. 2006).  Rather than

review whether the district court properly applied these provisions, we review only

whether the district court's total deviation from the applicable guideline range was

reasonable.  *See Rosales-Gonzales*, 801 F.3d at 1180.  We conclude that the

sentence was reasonable and that the district court properly considered the 18

U.S.C.  § 3553(a) factors.  Contrary to Jimenez's argument, the district court had

not considered Jimenez's full criminal history when calculating his criminal

history category and offense level.  Additional criminal conduct was not included

in the original guideline calculation and was sufficiently serious to warrant a

sentence above the applicable guideline range.  *See United States v. Connelly*, 156

---

[1] The district court also cited U.S.S.G. § 3D1.4 as a reason to depart upward. Because Jimenez does not challenge the application of U.S.S.G. § 3D1.4 on appeal, we do not address that guideline provision.  *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).  Instead, we look only to whether the sentence imposed was reasonable.  *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1180 (9th Cir. 2015).

F.3d 978, 984 (9th Cir. 1998); *see also* U.S.S.G. § 4A1.3(a)(2)(A). The psychological injuries suffered by Jimenez's three children similarly justified a sentence above the guideline range. The children testified about their father's abuse, and their grandmother and therapist testified about the children's resulting nightmares, anxiety, headaches, flashbacks, stomach problems, sleep difficulties, Post-Traumatic-Stress Disorder, and mental-health treatment. The trial testimony demonstrated that Jimenez's criminal conduct specifically had an extreme psychological impact on them. Additionally, the district court properly considered the children's psychological injuries and their status as vulnerable victims as separate reasons to vary from the guideline range. *See* 18 U.S.C. § 3553 (a)(1), (2)(A). To further justify the sentence under § 3553(a), the district court emphasized the dangerousness and seriousness of Jimenez's criminal conduct and the importance of protecting the public and Jimenez's children, the youngest of which was 2 years old.

**5.** Jimenez's 210-month sentence did not violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). None of the sentences imposed exceeded the statutory maximum; thus, running sentences consecutively in this case, does not implicate *Apprendi*. *See United States v. Buckland*, 289 F.3d 558, 572 (9th Cir. 2002) (en banc).

5

**AFFIRMED.**